Claude George ATKINS, Appellant,

v.

G. L. SULLIVAN, Appellee.

James K. KELLY, Appellant,

v.

STATE OF KANSAS, Sherman H. Crouse, Warden, Charles D. McAtee, Penal Director, Hosea Little, Lt. Guard, K.S.P., Appellees.

Nos. 9658, 9661.

United States Court of Appeals Tenth Circuit.

Nov. 20, 1967.

Jon K. Sargent, Asst. Atty. Gen., Topeka, Kan., for appellees.

Claude G. Atkins and James K. Kelly, pro se.

Before MURRAH, Chief Judge, and HILL, Circuit Judge.

## PER CURIAM.

These actions were submitted for filing to the United States District Court without prepayment of fees. The appellants moved for leave to file in forma pauperis and submitted what was purported to be an affidavit in support of the motion. These affidavits were not notarized but bore the thumbprint of the appellants. The trial court declined to grant leave to proceed in forma pauperis since the documents were not proper affidavits as required by 28 U.S.C. § 1915(a). See Robbins v. United States, 345 F.2d 930 (9th Cir. 1965); Williams v. Pierce County Board of Commissioners, 267 F.2d 866 (9th Cir. 1959). The appellants then claimed the notary service was not available to them at the Kansas State Penitentiary. The trial court ordered an evidentiary hearing which was to be limited to the issue of availability of notary service at the prison. Atkins refused to testify at this hearing and Kelly admitted that this affidavit was not presented to prison officials for notarization. Mr. Davis, the Director of Classifications at the Kansas State Penitentiary, testified that Kelly had for some time refused to submit documents to prison officials for notarization. He also testified that the document in question submitted to the trial court was not presented to prison officials for notarization and that it would have been notarized if so presented. The Court found that free notary service was available under reasonable rules and regulations to all prisoners at the Kansas State Penitentiary and found no mitigating circumstances which would excuse these appellants from complying with those regulations. Proper affidavits in support of motions for leave to appeal in forma pauperis were submitted by both appellants and leave was granted.

The patience with which Chief Judge Stanley conducted the evidentiary hearing is highly commendable and we conclude as he did, that notary service is available at the Kansas State Penitentiary under reasonable rules and regulations and that the documents submitted in support of appellants' motions were defective. The trial court quite properly refused to allow the appellants to file their actions without prepayment of fees.

The issues presented in this appeal are so insubstantial as not to require further argument; the motions to affirm are granted and the judgments are each affirmed.