Charles W. BAUER, Jr. and Nellie P. Bauer, Plaintiffs–Appellants,

Robert H. Waldschmidt, Trustee, Plaintiff–Appellee,

v.

COMMERCE UNION BANK, CLARKSVILLE, TENNESSEE; and Kenneth C. Baines, Defendants–Appellees.

No. 87–5617.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 23, 1988.

Decided Oct. 20, 1988.

against Commerce Union Bank of Clarksville, Tennessee, and one of its officers. The United States District Court for the Middle District of Tennessee entered an order substituting the Bauers' trustee in bankruptcy as plaintiff in their stead. The Bauers took an immediate appeal. We must decide whether the order is appealable at this stage, and, if so, whether the district court erred in making the substitution. We conclude that the order is not immediately appealable, and that the district court committed no error in any event.

## I

On February 15, 1985, the Bauers petitioned for bankruptcy under Chapter 7 of the Bankruptcy Code. The schedule of assets filed with the bankruptcy court did not list any claim against the Commerce Union Bank or its officers. The court appointed Robert H. Waldschmidt as trustee. The debtors were discharged on June 4, 1985, and the case was closed.

On October 24, 1985, the Bauers commenced the present "outrageous conduct" action in the district court. Jurisdiction was predicated on diversity of citizenship. The complaint alleged that the bank's conduct in accelerating a certain promissory note executed by the Bauers and in foreclosing a second mortgage securing the note was "so extreme in degree as to go beyond all possible bounds of decency and so atrocious as to exceed all accepted limits observed by a civilized community." The allegedly tortious conduct of the bank was claimed to have subjected the Bauers to "extreme emotional and mental suffering."

The defendants moved for summary judgment on the ground that the cause of action asserted by the Bauers constituted property of the bankruptcy estate, which meant that the Bauers themselves had no standing to sue. The Bauers then moved to reopen their bankruptcy case. The latter motion was granted, and Mr. Waldschmidt was reappointed as trustee.

Mr. Waldschmidt proceeded to negotiate a settlement of the tort claim for $7,500. The Bauers objected to the compromise,

Michael A. Meyer argued, David N. Burn, Nashville, Tenn., for plaintiffs-appellants.

H. Frederick Humbracht, Dearborn and Ewing, Craig J. Donaldson, James R. Kelley argued, Robert H. Waldschmidt argued, Nashville, Tenn., for defendants-appellees.

Before MARTIN and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.

DAVID A. NELSON, Circuit Judge.

Plaintiffs Charles and Nellie Bauer brought an "outrageous conduct" action

but the bankruptcy court ultimately approved it, and the Bauers appealed to the district court.

In the meantime the district court ordered that Trustee Waldschmidt either join, authorize, or abandon the Bauers' "outrageous conduct" action. Waldschmidt requested that he be substituted for the Bauers as plaintiff. The district court granted the request on May 22, 1987, entering an order that made Waldschmidt the sole plaintiff. The Bauers have appealed from that order, and the defendants have moved that the appeal be dismissed for want of appellate jurisdiction.

## II

Although 28 U.S.C. § 1291 generally limits appellate jurisdiction to appeals from "final decisions" of district courts, the "collateral order" doctrine announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), permits immediate appeal of a small class of prejudgment orders.

"To qualify as a collateral order, a decision must:

(i) 'conclusively determine the disputed question';

(ii) 'resolve an important issue completely separate from the merits of the action'; and

(iii) 'be effectively unreviewable on appeal from a final judgment.'"

*Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375, 107 S.Ct. 1177, 1181–82, 94 L.Ed.2d 389 (1987), quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458–59, 57 L.Ed.2d 351 (1978). Courts have repeatedly emphasized the narrowness of the collateral order exception to the final judgment rule. See *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985); *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 761 (6th Cir.1985) (en banc), *cert denied*, 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985).

Other courts of appeals have held that orders substituting parties or permitting parties to intervene are interlocutory and non-appealable. See *Prop–Jets, Inc. v. Chandler*, 575 F.2d 1322, 1325 (10th Cir. 1978); *In re Sylvania Electric Products*, 220 F.2d 423, 424 (1st Cir.1955); 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1962 (2d ed. 1986). We see nothing in the facts of the instant case to suggest that we ought to reach a different result here.

 It is true that the district court's order does conclusively determine the disputed question of whether Waldschmidt is the proper person to prosecute the Bauers' tort action. It is also true that this question is separate from the merits of the tort action. We are not persuaded that the question is an "important" one, however, because, for reasons discussed in the next section of this opinion, the argument that substitution was improper appears to border on the frivolous. Questions that obviously admit of only one answer, it seems to us, are not important enough to justify consideration in separate interlocutory appeals.

## III

The Bauers contend that the substitution of Trustee Waldschmidt as plaintiff was improper because it deprived them of "their" right to a trial by jury. The argument is based on 28 U.S.C. § 1411(a), which reads as follows:

"Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim."

The effect of this provision in the instant case is simply to insure that the tort claim belonging to the bankruptcy estate may be tried to a jury if such a trial is demanded by the person prosecuting the claim. The provision says nothing about whose claim it is, and the Bauers have advanced no reason for supposing that the claim is theirs individually. The Bankruptcy Code itself provides that the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of

the case," 11 U.S.C. § 541(a)(1), and it is well established that the "interests of the debtor in property" include "causes of action." *Gochenour v. Cleveland Terminals Building Co.*, 118 F.2d 89, 93 (6th Cir. 1941); *In re Ozark Restaurant Equipment Co.*, 816 F.2d 1222, 1225 (8th Cir. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987).

It is equally clear that the trustee in bankruptcy acts as representative of the estate. It is the trustee who "has capacity to sue and be sued." 11 U.S.C. § 323(b). See also Bankr.P.R. 6009. "It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property 'under the Bankruptcy Code'—vests in the trustee for the benefit of the estate." *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181–82 (S.D.Miss.1986). The debtor has no standing to pursue such causes of action. *Matter of Tvorik*, 83 B.R. 450, 456 (Bankr.W.D. Mich.1988).

The trustee is empowered to compromise causes of action belonging to the bankruptcy estate. While the trustee must give consideration to the debtors' interest in any surplus remaining after the payment of all debts, fees, and administrative expenses, see 11 U.S.C. § 726(a)(6), he must also protect the interests of unsecured creditors. Fully litigating a tort claim could easily exhaust assets that would otherwise go to creditors, and in the first instance the person vested with responsibility for deciding whether to settle or fight is the trustee, not the debtor.

The bankruptcy court must review any compromise, and the court is obligated to weigh all conflicting interests in deciding whether the compromise is "fair and equitable," considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors. *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir.1987). We may not assume, as the Bauers have assumed without any apparent justification, that the trustee has neglected his duties in this case and that the bankruptcy judge has "rubber stamped" an improvident compromise. Whether the compromise is improvident, moreover, is a question that can be reviewed on appeal to the district court and to this court.

Section § 1411(a) was not designed to limit the compromise of claims belonging to bankruptcy estates or to require that all such claims be litigated before a jury. If § 1411 had been intended to divest trustees in bankruptcy of control over all claims for wrongful death or personal injury, it would have worked an extraordinary change in the treatment of debtors' property in bankruptcy. After reviewing the rather sparse legislative history of § 1411,[1] we are satisfied that no such change was intended.

■ The trial court ordered Mr. Waldschmidt substituted as party plaintiff pursuant to Fed.R.Civ.P. 25(c), which permits the court to order substitution "[i]n case of any transfer of interest." Such orders are reviewed only for abuse of discretion. *R.J. Enstrom Corp. v. Interceptor Corp.*, 555 F.2d 277, 281 (10th Cir. 1977); 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1962 (2d ed. 1986). Even if the order of substitution were immediately appealable, we

---

1. No House or Senate report was submitted with the legislation, nor was there a Joint Explanatory Statement in the Conference Report. A House conferee referred to § 1411 in passing, stating that "in this narrow range of cases the parties do not *lose* any right to a jury trial that they may have had...." 130 Cong.Rec. H7492 (daily ed. June 29, 1984) (statement of Rep. Kastenmeier), *reprinted in* 1984 U.S.Code Cong. & Admin.News 579, 580. (Emphasis added.) In a statement on the floor of the Senate, the Chairman of the Senate Judiciary Committee paraphrased the language of the statute (*"do not affect* a right to trial by jury under applicable nonbankruptcy law") and summarized it by observing that "[n]ew *language* on the issue of jury trials is included." 130 Cong.Rec. S8887 (daily ed. June 29, 1984) (statement of Sen. Thurmond), *reprinted in* 1984 U.S.Code Cong. & Admin.News 581. (Emphasis added.) Senator DeConcini stated that "there was *no intent to alter or modify* the rights to jury trial that might have existed under the Reform Act." Statement of Senator DeConcini, III ABI Newsletter No. 3, at 3 (Winter 1984/85), quoted in *In re McCormick*, 67 B.R. 838, 842 n. 3 (D.Nev.1986) (emphasis added).

would be unable to detect so much as a hint of any abuse of discretion here.

The defendants' motion to dismiss this case for want of appellate jurisdiction is GRANTED.