### Willie BROWN, Plaintiff,

v.

### Don MATTHEW, et al., Defendants.

### Civ. A. No. 91–2352–L.

United States District Court,
D. Kansas.

July 2, 1992.

Willie Brown, pro se.

Anthony F. Rupp, Shughart, Thomson & Kilroy, Overland Park, Kan., Claudia J. York, Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., for Don Matthew, Dan Morgan, Ken Davis, Phil Campbell, Lyle

Krome, Bob Van Goethem, Mark Schmidt and David L. Miller.

Carl A. Gallagher, Office of the Atty. Gen., Topeka, Kan., for Richard M. Smith and Stephen D. Hill.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On June 15, 1992, Willie Brown filed a Motion For Leave To Appeal In Forma Pauperis, (Doc. 59), asking the court to certify his appeal of the dismissal of *Brown v. Matthew, et al.,* (case # 91–2352–L), 1992 WL 134150. At that time the plaintiff also filed a document titled Affidavit In Support Of Motion To Proceed On Appeal As Indigent Person, (Doc. 60), in which he states the issues he is taking for appeal, the belief that he is entitled to redress and his inability to pay fees and costs or to give security. For the reasons set forth below, the motion is denied.

The procedure for proceeding on appeal in forma pauperis is governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Rule 24 states in relevant part:

A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed together with an affidavit, showing in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

In his application to proceed in forma pauperis Mr. Brown produces the information required by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure, but fails to sign or have the affidavit notarized as required in the statute, thus invalidating the motion.

The United States Court of Appeals for the Tenth Circuit requires that a valid affidavit accompany a motion for leave to proceed in forma pauperis. In *Atkins v. Sullivan,* 387 F.2d 140 (10th Cir.1967), the circuit court held that "[t]he trial court quite properly refused to allow the appellants to file their action without prepayment of fees," because "[t]he documents submitted in support of appellants motions were defective." *Id.* at 141. The appellants had failed to have the affidavit notarized, using their thumbprints instead.

The plaintiff is not foreclosed by this ruling from seeking to take his appeal to the circuit court in forma pauperis. Rule 24 of the Federal Rules of Appellate Procedure provides that if a district court denies a motion to proceed on appeal in forma pauperis "[a] motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion should be accompanied by a copy of the affidavit filed in the district court, or *by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court,* and by a copy of the statement of reasons given by the district court for its action." (Emphasis added). Mr. Brown should promptly file his motion with the court of appeals, accompanied by a legally sufficient, signed and notarized affidavit.

IT IS, THEREFORE, BY THE COURT ORDERED THAT:

Plaintiff's motion for leave to appeal in forma pauperis (Doc. 59) is denied for lack of a valid affidavit.

IT IS SO ORDERED.