983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel BROWNING, et al., Plaintiffs-Appellants,
v.
Craig PENDLETON, et al., Defendants-Appellees.
 No. 92-3067.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1993.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs Dan and Linda Browning appeal the District Court's grant of summary judgment to defendants Sheriff, County Commissioners, County Engineer, and Board of Commissioners, in this 42 U.S.C. § 1983 action alleging defendants, with intent to force the plaintiffs to close their gravel business, arbitrarily imposed, and selectively enforced, low load limits. Plaintiffs argue on appeal that: (1) their claims are not barred by the statute of limitations because the continuing violation doctrine applies; and (2) the imposition and enforcement of the weight limits denied plaintiffs equal protection of the law and substantive due process. We VACATE and REMAND.
 
 I.
 
 2
 In 1979, plaintiffs owned valuable gravel property in the vicinity of Brant Road and Mason-Morrow Millgrove Road in Warren County, Ohio. When the plaintiffs began gravel operations on the property in 1979, a number of neighbors protested the increased volume of truck traffic. Also in 1979, defendant County Engineer, Craig Pendleton, recommended reduced-weight restrictions on Brant and Mason-Morrow-Millgrove Roads. These weight reductions were allegedly imposed because the condition of these roads and bridges had deteriorated such that they could not support heavy truck traffic. In August 1979, defendant Warren County Commissioners adopted resolutions imposing the requested weight reductions. Immediately thereafter, enforcement efforts and patrol activity were undertaken by Deputies of the Warren County Sheriff. These efforts included the presence of Sheriff's Deputies in marked patrol cars, the following of trucks, the stopping of vehicles, and the examination of papers. These weight restrictions and this enforcement effort continued on and off until the plaintiffs lost their property in a mortgage foreclosure sale in October of 1983. The enforcement activity deterred contract haulers and others from traveling to and from the plaintiffs' gravel pit and purchasing gravel therefrom. Potential investors would not invest in the plaintiffs' property and plaintiffs lost customers for their business endeavors.
 
 
 3
 On April 15, 1983, plaintiffs filed for Chapter 11 bankruptcy and the action was converted to a Chapter 7 proceeding on September 20, 1983. In October of 1983, the plaintiffs lost the gravel property through a mortgage foreclosure sale. The property was purchased by Paul Herdman who immediately began gravel operations at the site. Shortly after Herdman acquired the gravel business, the weight restrictions on both Brant and Mason-Morrow-Millgrove roads were removed.
 
 
 4
 On July 1, 1985, the plaintiffs filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants, for the improper purpose of causing the plaintiffs to cease their gravel business, arbitrarily imposed and failed to remove the load limits, and selectively enforced the limits, thereby depriving the plaintiffs of their right to equal protection and due process under the Fourteenth Amendment. The District Court concluded that the weight limits were reasonable and proper, and granted defendants' motion for summary judgment. This appeal followed.
 
 II.
 
 5
 The Bankruptcy Code provides that the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and it is well established that the " 'interests of the debtor in property' include 'causes of action.' " Bauer v. Commerce Union Bank, 859 F.2d 438, 440-41 (6th Cir.1988), cert. denied, 489 U.S. 1079 (1989) (quoting Gochenour v. Cleveland Terminals Building Co., 118 F.2d 89, 93 (6th Cir.1941)).[1] In addition,
 
 
 6
 [i]t is equally clear that the trustee in bankruptcy acts as representative of the estate. It is the trustee who "has capacity to sue and be sued." "It is well settled that the right to pursue causes of action formerly belonging to the debtor--a form of property 'under the Bankruptcy Code'--vests in the trustee for the benefit of the estate." The debtor has no standing to pursue such causes of action.
 
 
 7
 Id. at 441 (citations omitted) (emphasis added).
 
 
 8
 Here, plaintiffs' due process and equal protection claims relate entirely to their (loss of) property. Although the plaintiffs enjoyed trustee-like authority as debtors-in-possession when the bankruptcy case was a Chapter 11 proceeding, that authority terminated when the case was converted to Chapter 7. See Vreugdenhil v. Hoekstra, 773 F.2d 213, 215 (8th Cir.1985). To protect creditors' interests, the trustee must be able to control the prosecution (or lack of prosecution) of causes of action belonging to the bankruptcy estate. Bauer, 859 F.2d at 441. Therefore, we find that plaintiffs-debtors have no standing to prosecute these claims.
 
 III.
 
 9
 Accordingly, the judgment of the District Court is VACATED and this case is REMANDED to the District Court to dismiss for lack of jurisdiction.
 
 
 
 [1]
 Plaintiffs argue that their cause of action is not property of the bankruptcy estate because it had not accrued at the time of the commencement of the bankruptcy proceedings. We find, however, that their cause of action had so accrued. The weight limits were imposed as early as 1979 and the alleged selective enforcement occurred from 1979 to 1983. As the magistrate judge found below, "[p]laintiffs' allegations demonstrate that they were well aware of the alleged constitutional violations from 1979 to May 1983."