986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William J. WALTON, and Joyce Walton, Plaintiffs-Appellants,
v.
WHEATLY COMPANY, Defendant-Appellee.
 No. 92-3379.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1993.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-creditors William and Joyce Walton appeal the order of the District Court dismissing their appeal from the Bankruptcy Court's decision to dismiss the debtor Wheatly[1] Company's Chapter 11 bankruptcy proceeding. On appeal, plaintiffs contend that the District Court erred: (1) in finding that they could not seek an appeal of the Bankruptcy Court decision in forma pauperis; and (2) in finding that plaintiffs failed to present properly notarized affidavits of poverty. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 On or about July 11, 1991, the Wheatly Company, an Ohio Corporation, filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. On October 16, 1991, pursuant to the motion of the United States Trustee for the Northern District of Ohio, the Bankruptcy Court dismissed the Chapter 11 proceeding and entered an order of dismissal. On December 4, 1991, the plaintiffs, creditors of Wheatly, received the Notice of Order of Dismissal. The plaintiffs believed that it was error for the Bankruptcy Court to dismiss the Chapter 11 action and filed a motion to vacate the Bankruptcy Court decision. This motion was denied on December 16, 1991.
 
 
 3
 The plaintiff then filed with the Bankruptcy Court a "Notice of Appeal, and/or Alternative Demand for Right of Appeal." The plaintiffs, acting pro se, also filed "Affidavits in Support of a Motion for Leave to Proceed in Forma Pauperis" in an effort to have the filing fees (required to perfect an appeal) waived.[2] The Bankruptcy Court denied the motion because the plaintiffs' Affidavits of Poverty were not sworn to before a notary. The Bankruptcy Court did state, however, that "[i]f and when the Waltons present appropriate affidavits, if they wish to continue to proceed in forma pauperis, the court will consider whether their action is taken in good faith."
 
 
 4
 Thereafter, on January 24, 1992, Joyce Walton filed an "Affidavit of Poverty" signed by a notary. On February 4, 1992, the Bankruptcy Court waived the filing fees and the plaintiffs' appeal was filed and docketed to the United States District Court for the Northern District of Ohio. On February 24, 1992, the plaintiffs requested, from the District Court, an extension of time with which to file their brief. In its March 12, 1992 ruling, the District Court dismissed the plaintiffs' entire appeal, finding that "a party may not seek an appeal of a bankruptcy court decision in forma pauperis, and the alleged affidavits attached to the notice of appeal were, in any event, defective." Joint App. at 6. On April 3, 1992, the District Court denied the plaintiffs' motion to vacate the aforementioned order. This appeal followed.
 
 II.
 
 5
 We are required to note any jurisdictional defects which are not raised by the parties. See Schrader v. Commissioner of Internal Revenue, 916 F.2d 361, 362 (6th Cir.1990) ("While neither party addressed the issue of this Court's jurisdiction in its briefs and argument, we are obliged to raise it sua sponte whenever reason for inquiry exists."); Newsome v. Batavia Local School District, 842 F.2d 920 (6th Cir.1988) (issues of standing can be raised by this Court sua sponte because standing is "always a 'threshold inquir[y] which this court is obliged to consider prior to asserting jurisdiction over an appeal.' ") (citations omitted). The papers filed by the plaintiffs disclose that they have filed for Chapter 7 Bankruptcy. The Bankruptcy Code provides that the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and the " 'interests of the debtor in property' include causes of action." Bauer v. Commerce Union Bank, 859 F.2d 438, 440-41 (6th Cir.1988), cert. denied, 489 U.S. 1079 (1989) (quoting Gochenour v. Cleveland Terminals Bldg. Co., 118 F.2d 89, 93 (6th Cir.1941). It is well established that the trustee in bankruptcy acts as representative of the estate and is the one with the capacity to sue and be sued. Id. at 441. It is equally clear that pursuant to 11 U.S.C. § 541(a)(1), causes of action which formerly belonged to the debtor vest in the trustee for the benefit of the bankruptcy estate when the debtor files in bankruptcy under Chapter 7 of the Bankruptcy Code. Id. See also, Vreugdenhil v. Hoekstra, 773 F.2d 213, 214 (8th Cir.1985) ("choses in action owned by the debtor at filing of bankruptcy petition are property of the estate."); Folz v. BancOhio National Bank, 88 B.R. 149 (Bankr.S.D.Ohio 1987) (at the filing of a petition in bankruptcy, all of a debtor's property becomes property of the estate and debtor's causes of action constitute property rights which are vested solely in the trustee in bankruptcy and subject to his control). Thus, "the debtor has no standing to pursue such causes of action." Bauer, 859 F.2d at 441.
 
 
 6
 Consequently, plaintiffs' authority to pursue their cause of action against the Wheatly Company trustee terminated when they filed for Chapter 7 bankruptcy. To protect creditors' interests, the trustee must be able to control the prosecution (or lack of prosecution) of causes of action belonging to the bankruptcy estate. Id. Therefore, we find that plaintiffs-debtors have no standing to prosecute this claim.
 
 III.
 
 7
 Even if this Court had jurisdiction to consider the merits of the case, we would still affirm dismissal of the plaintiffs' appeal. Section 1915(a) of 28 U.S.C. states that "any court of the United States may authorize the commencement ... of any suit ... or appeal therein, without the prepayment of fees...."[3] The District Court declined to waive the filing fees and denied the plaintiffs' motion to proceed in forma pauperis, finding that the plaintiffs' "Affidavits of Poverty" were defective.
 
 
 8
 Section 1915(a) mandates the attachment of affidavits supporting the filing party's position that he is impoverished and unable to pay filing fees. Both the Bankruptcy Court and the District Court noted that "[t]he chief essential of an affidavit ... is that it be in writing and be sworn to or affirmed before some legally authorized officer." 1 Ohio Jur.3d Acknowledgements, Affidavits, Oaths, and Notaries § 46. The Bankruptcy Court found that "[t]he Waltons offer a form of affidavit which they have obtained from some source with the affirmation portion obliterated, their signature over some sort of smudge mark, possibly a thumb or fingerprint in each case, and no indication of the individual or individuals before whom the signing took place." The District Court then found that "a review of the record reveals that appellants have not cured the defective affidavits as they have claimed." Joint App. at 9.
 
 
 9
 Failure to comply with the requirements of 28 U.S.C. § 1915(a) generally prevents a court from granting a plaintiff's motion to proceed in forma pauperis. In Atkins v. Sullivan, 387 F.2d 140 (10th Cir.1967) (per curiam), cert. denied, 391 U.S. 925 (1968), the appellants moved for leave to file in forma pauperis and submitted what was purported to be an affidavit in support of their motion. "These affidavits were not notarized, but bore the thumbprint of the appellants." Id. The Tenth Circuit held that the District Court did not err in declining to grant leave to proceed in forma pauperis since the affidavits were not notarized. Id. The case at hand is similar, except to the extent that Joyce Walton filed a second "affidavit of poverty" that was notarized. Her husband, however, did not. Joyce Walton's affidavit, while not sworn to, was "acknowledged as the truth." This was insufficient. Specifically, 28 U.S.C. § 1746 requires that:
 
 
 10
 Wherever, under any law of the United States or under any rule, regulation, order, or requirement, made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath or affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration ..., in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
 
 
 11
 (1) ... "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
 
 
 12
 (Signature)"
 
 
 13
 See also Bradley v. United States, 218 F.2d 657, 659 n. 1 (9th Cir.1954), reversed on other grounds, 348 U.S. 967 (1955) (document acknowledged by a member of the Jehovah's Witnesses before a Notary Public, but not sworn to, was not an affidavit). Here, Joyce Walton's affidavit was not acknowledged under the "penalty of perjury." Therefore, we find that the District Court did not err in denying plaintiffs' request to proceed in forma pauperis because their affidavits of poverty were inadequate.[4]
 
 IV.
 
 14
 For the aforementioned reasons, the judgment of the District Court dismissing the plaintiffs' appeal from the order of the bankruptcy judge is AFFIRMED.
 
 
 
 [1]
 Wheatly is sometimes spelled Wheatley in the record
 
 
 [2]
 28 U.S.C. § 1930 provides, in pertinent part, that:
 (a) Notwithstanding section 1915 of this title , the parties commencing a case under title 11 shall pay to the clerk of the court the following filing fees....
 (b) The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title.
 (c) Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or a writ of certiorari $5 shall be paid to the clerk of the court, by the appellant or petitioner....
 Under the authority of § 1930(b), the Judicial Conference has added a $100 fee to cover the costs of docketing and related activities in connection with processing an appeal. Therefore, an appellant is normally required to pay a $105 fee when filing a notice of appeal.
 
 
 [3]
 28 U.S.C. § 1915(a) provides, in pertinent part, that:
 Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor....
 
 
 [4]
 Additionally, the plaintiffs have never been granted leave to proceed in forma pauperis before this Court. Fed.R.App.P. 24(a) provides that if the district court denies leave to proceed on appeal in forma pauperis, the appellant may file a motion to so proceed in the court of appeals. The filing of a separate appeal from the district court's denial of pauper status on appeal is not appropriate. Thus, on this basis as well, the instant appeal is not properly before the Court