PER CURIAM.
Lloyd L. Little and Linda K. Little filed this action in the United States Court of Federal Claims, alleging that the United States, acting through the Farmers Home Administration, breached contracts with the Bank of Commerce in Wetumka, Oklahoma, to which the Littles are third-party beneficiaries. The Court of Federal Claims granted summary judgment to the government, and the Littles appealed. Because there is a substantial question as to whether the Littles have standing to prosecute this action, we do not reach the merits of this appeal, but instead vacate and remand the case to the Court of Federal Claims to resolve the issue of standing.
BACKGROUND
The facts of this case are set forth in the opinion of the Court of Federal Claims. Here, we focus only on those facts relevant to the question whether the Littles have standing to prosecute the claim at issue.in this case. The Littles allege that their cause of action against the United States arose on November 30, 1992, when the Bank of Commerce filed a foreclosure action in state court against the Littles. The Littles filed for federal bankruptcy protection a year later. The Littles initially filed their bankruptcy petition pursuant to Chapter 12, but subsequently converted to Chapter 7. None of the schedules filed in the bankruptcy court identified or alluded to a cause of action against the United States or the Farmers Home Administration, nor does it appear that the trustee in bankruptcy was informed of any such cause of action. The Littles ultimately received a discharge in bankruptcy on March 23, 1994, prior to the foreclosure trial, and the bankruptcy proceedings closed on September 22,1994. The Littles filed this breach of contract action against the United States in the Court of Federal Claims approximately a year later, on August 31,1995.
DISCUSSION
Although the parties did not raise any question about standing in the initial briefing of this case, we raised the issue sua sponte at oral argument and asked the parties to advise us as to the effect of the Littles’ bankruptcy proceedings on the Littles’ standing to prosecute this case. Standing is a jurisdictional requirement that is subject to review at all stages of the litigation. Bender v. Williamsport Area School Dist., 475 U.S. 534, 546-47, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). As an appellate court, we have a special obligation to satisfy ourselves not only of our own jurisdiction, but also that of the trial court. See id.
Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. In re New Era, Inc., 135 F.3d 1206, 1209 (7th Cir.1998); Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1988). Section 541 of the Bankruptcy Code provides that virtually all of a debtor’s assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541 (providing that the bankruptcy estate includes “all legal or equitable interests of the debtor in property as of the commencement of the case”). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. Sender v. Simon, 84 F.3d 1299, 1304-05 (10th Cir.1996). A trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. § 323; In re Eisen, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994); In re *448 Educators Group Health Trust, 25 F.3d 1281, 1284 (5th Cir.1994).
Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to section 554 of the Bankruptcy Code. See 11 U.S.C. § 554(a)-(c). At the close of the bankruptcy case, property of the estate that is not abandoned under section 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. 11 U.S.C. § 554(d). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate. Mobility Systems 6 Equipment Co. v. United States, 51 Fed.Cl. 233, 236 (2001) (citing cases).
In this case, the Littles filed for Chapter 7 protection, but did not include in their schedule of assets and liabilities the cause of action that they subsequently prosecuted against the United States in this case. Although they received a discharge in bankruptcy, it is likely that this cause of action is not theirs to bring, but instead remains the property of the bankruptcy estate, thus raising a substantial question as to whether the Littles have standing to prosecute this case. The situation, however, has been complicated somewhat by the recent reopening of the bankruptcy proceedings and the appointment of a new trustee in bankruptcy, which apparently occurred during the pendency of this appeal. The record is unclear as to both the reason for the reopening of the bankruptcy case and the status of the reopened bankruptcy proceedings at this time.
Given the state of the record, we believe the most prudent course of action is to vacate the summary judgment issued by the Court of Federal Claims and to remand the case so that court can resolve any outstanding factual issues regarding whether its exercise of jurisdiction over the Littles’ action is proper. The recent reopening of the bankruptcy proceedings, in particular, may introduce additional complications as to the legal status of the claim that is at issue in this case, which the trial court may need to explore. We note, for example, that in exercising discretion whether to pursue a claim, the bankruptcy trustee has three choices with respect to pending actions brought by the debtor: (1) to intervene and assume prosecution as trustee, (2) to consent to prosecution by the debtor for the benefit of the estate, or (3) to decline prosecution. Detrick v. Panalpina, Inc., 108 F.3d 529, 535-36 (4th Cir.1997). The extent to which this action is subject to the trustee’s exercise of such authority, in light of the prior bankruptcy proceedings, is one issue that the trial court may need to address in order to resolve the standing issue. If the court determines that the Littles lack standing to pursue this claim and that it is not appropriate to substitute a party with standing, the court should dismiss the case for lack of jurisdiction.