**Richard SNYDER & Marion Snyder, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 04–1006 T.

United States Court of Federal Claims.

Jan. 18, 2005.

Richard Snyder and Marion Snyder, Davidsonville, MD, pro se.

Benjamin C. King, Jr., Tax Division, Court of Federal Claims Section, U.S. Department of Justice, Washington, DC, for defendant. Eileen J. O'Connor, Assistant Attorney General, Mildred L. Seidman, Chief, Court of Federal Claims Section, and David Gustafson, Assistant Chief, Tax Division, U.S. Department of Justice, Washington, DC, of counsel.

## ORDER AND OPINION

HEWITT, Judge.

The court has before it Defendant's Cross–Motion to Dismiss the Complaint, Defendant's Memorandum in Opposition to the Plaintiffs' Motion for Summary Judgment and in Support of the Defendant's Cross–Motion to Dismiss the Complaint (Def.'s Memo.), defendant's Motion for Leave to File Exhibits (Def.'s Ex.), plaintiffs' Proposed Findings of Uncontroverted Fact (Pls.' PFUF), Defendant's Response to the Plaintiffs' Proposed Findings of Uncontroverted Fact, Defendant's Proposed Findings of Uncontroverted Fact, plaintiffs' Opposition to Motion to Dismiss (Pls.' Opp'n), and Defendant's Reply to the Plaintiffs' Opposition to the Defendant's Cross–Motion to Dismiss.[1] For the following reasons, the court GRANTS defendant's Cross–Motion to Dismiss the Complaint without prejudice.

### I. Background [2]

Pro se plaintiffs Richard and Marion Snyder filed their Complaint for Refund of Monies Held by IRS (Compl.) in this court on June 15, 2004.[3] They claim that "[o]n 14 May 2001[,][t]he United States Bankruptcy Court for the District of Maryland determined, *inter alia*, (a) that taxpayers were entitled to a credit for income taxes paid for 1987; and (b) that the [government's] assessment for taxes for the year 1988 ... failed to follow procedures" set out in the tax code. Compl. at ¶ 2 & Ex. 1; *see also* Pls.' PFUF at ¶¶ 1 & 4 ("IRS has admitted it owes a refund to taxpayers for 1987 income taxes plus interest ... and ... the [1988 tax] assessment ... was ruled invalid by the bankruptcy court."); *id.* at Ex. 1 (April 18,

2003 Order Determining Tax Liability in U.S. Bankruptcy Court for the District of Maryland). Because plaintiffs contend that "funds paid IRS on 14 April 1989 were a deposit for 1988 taxes (in the nature of a cash bond), and not a payment," they seek "a return of both the year 1987 credit, and the year 1988 deposit." Compl. at ¶¶ 3–4.

Defendant moved under Rules 12(b)(1) and 17(a) of the Court of Federal Claims (RCFC) to dismiss the complaint, arguing that this court lacks subject matter jurisdiction and that "plaintiffs are not the real parties in interest with respect to any claims arising out of their 1987 and 1988 tax years." Def.'s Memo. at 1–2, 4. Defendant points out that the "plaintiffs' 1987 and 1988 income tax years are the subject of a lawsuit pending in the United States District Court for [the District of] Maryland" and argues that plaintiffs' claim in this court is therefore precluded for lack of jurisdiction and standing. *Id.* at 3–4. Defendant also argues that "all right, title, and interest in any claims related to [plaintiffs'] 1987 and 1988 tax years became part of the bankruptcy estate" when plaintiffs filed for bankruptcy and that the court-appointed trustee of the bankruptcy estate "is the only party that has the right to pursue those claims." *Id.* at 1–2, 5.

[O]n March 15, 1999–years before this suit was filed-the plaintiffs filed a petition in the United States Bankruptcy Court for the District of Maryland .... In connection with that proceeding, Ellen W. Cosby was appointed as bankruptcy trustee. On July 21, 1999, the plaintiffs instituted an adversary proceeding in the Bankruptcy Court ... for the purpose of determining

---

1. Because the court finds it does not have jurisdiction, plaintiffs' Motion for Summary Judgment, filed September 13, 2004, is MOOT.

2. The history of plaintiffs' dispute with the Internal Revenue Service (IRS) is set forth in *Snyder v. United States*, No. 92–536T, 1997 WL 834180 (Fed.Cl. Nov.25, 1997). The Snyders sought a refund of personal income taxes, but their case was dismissed for failure to state a legally cognizable claim. *See Snyder*, 1997 WL 834180 at *4. The Federal Circuit affirmed this decision in *Snyder v. United States*, 178 F.3d 1312 (Fed.Cir. 1999) (Table).

3. In response to the court's Order of September 2, 2004 granting defendant's Motion for More Definite Statement, plaintiffs amended their complaint to attach a copy of their 1987 Amended U.S. Individual Tax Return and a copy of a letter, dated November 9, 1990, received from the IRS in response to plaintiffs' request for a refund of 1988 taxes. Complaint for Refund of Monies Held by IRS[,] Amended at 2–3 (unnumbered pages). Because the amended complaint does not differ materially from plaintiffs' original complaint, the court refers only to plaintiffs' original complaint.

the plaintiffs' income tax liability for the years 1987, 1988 and 1989.

On April 18, 2003, in connection with the adversary proceeding, the Bankruptcy Court entered an order ... determin[ing] that the plaintiffs had overpaid their 1987 tax liability, and had substantially underpaid their 1988 and 1989 tax liability. On June 24, 2003, the plaintiffs filed a notice of appeal in the United States District Court for [the District of] Maryland, appealing the Bankruptcy Court's April 18, 2003 order. That appeal is still pending before the District Court.

*Id.* at 2–3 (citations omitted); *see also* Def.'s Exs. 1–3 (docket reports current through October 6, 2004 for plaintiffs' bankruptcy case, plaintiffs' related adversary proceeding, and plaintiffs' appeal of the results of the adversary proceeding to the United States District Court for the District of Maryland); Pl.'s PFUF, Ex. 1 (April 18, 2003 Order Determining Tax Liability in the Snyders' bankruptcy adversary proceeding, which was "filed by the debtors to determine their individual income tax liabilities for the years 1988, and 1989, including carryback losses from 1990, 1991 and 1992 to 1987, 1988, and 1989").[4]

Plaintiffs respond that "[t]here are no valid reasons why the same or similar facts may not be presented in [two] different forums. Including the Bankruptcy Court. Or the District Court on appeal" and argue that "no authority ... precludes parallel proceedings." Pls.' Opp'n at 1, ¶ 1. Plaintiffs also suggest that:

Aside from further wasting the taxpayers['] money on such dilatory tactics, ... this tribunal [should] take up the *merits* of the matter. Rather than allowing another attempted blow-out by counsel of plaintiffs' desire to get to the issues. This court has jurisdiction. The matter has never been heard. Kindly allow it to go forth.

*Id.* at 2, ¶¶ 4–5.

Plaintiffs also contest defendant's argument that they lack standing to sue regarding their 1987 and 1988 income tax returns: "Plaintiffs herein have conducted several ad-

versary matters in connection with their deplorable treatment by IRS. They have yet to be challenged by either the Chapter 13 Trustee, or the Bankruptcy Court itself[,] with regard[ ][to] their authority to act on their own behalf." *Id.* at 1, ¶ 3. Plaintiffs claim that it is "irrelevant that the plaintiffs should have brought the action in the name of the [bankruptcy] trustee, which is disputed by them anyway. (The Chapter 13 Trustee has been of no help to debtors in their bankruptcy case.)." *Id.* at 1, ¶ 2.

## II. Discussion

### A. Subject Matter Jurisdiction

■ Rule 12 provides for dismissal of a claim for the court's "lack of jurisdiction over the subject matter." RCFC 12(b)(1). Section 1500 of Title 28, United States Code, prohibits this court from exercising jurisdiction over claims pending before any other court:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500.

The Supreme Court has construed § 1500 broadly to bar jurisdiction "over the claim of a plaintiff who, upon filing, has an action pending in any other court *for or in respect to* the same claim." *Keene Corp. v. United States,* 508 U.S. 200, 209, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (internal quotations and footnote omitted) (emphasis added); *id.* at 212, 113 S.Ct. 2035 (holding that, "if there [is] some overlap in the relief requested," dismissal of the later-filed claim in the Court of Federal Claims "would turn on whether plaintiff's other suit was based on substantially the same operative facts as the Court

---

**4.** This determination is available on Westlaw as *Snyder v. United States,* No. 99–53312 SD, ADV 99–5583 SD, 2003 WL 21224785 (Bankr.D.Md. Apr.18, 2003).

of Claims action"). The "same claim" test was applied by this court in *Sanders v. United States,* 34 Fed.Cl. 38, (1995), *aff'd,* 77 F.3d 502 (Fed.Cir.1996) (Table). *Sanders* held that § 1500 precluded an exercise of jurisdiction by this court when plaintiffs were also suing the Internal Revenue Service (IRS) in federal district and state court under claims arising from foreclosure on the same property at issue in the Court of Federal Claims case. *Sanders,* 34 Fed.Cl. at 44. In applying this jurisdictional bar, the court must determine whether an action against the United States was pending in another court when the complaint was filed in the Court of Federal Claims. *See Keene,* 508 U.S. at 207, 113 S.Ct. 2035; *United States v. County of Cook, Illinois,* 170 F.3d 1084, 1090 (Fed.Cir.1999).

Because plaintiffs have an appeal of the Bankruptcy Court's determination of their income tax liabilities for years including 1987 and 1988 pending in United States District Court, *see* Def.'s Ex. 3 (civil docket for case number 03–1868 printed October 6, 2004), and because this appeal was pending when plaintiffs filed their complaint here, *see* Compl. (date stamped June 15, 2004), this court may not exercise jurisdiction over plaintiffs' claims against the IRS concerning income tax liabilities for those years. *See* 28 U.S.C. § 1500; *Keene,* 508 U.S. at 209, 113 S.Ct. 2035.

#### C. Real Party in Interest

■ Rule 17 requires that "[e]very action ... be prosecuted in the name of the real party in interest." RCFC 17(a). Federal bankruptcy law provides that "[t]he commencement of a [bankruptcy proceeding] creates a [bankruptcy] estate," 11 U.S.C. § 541(a)(1) (2000), and confers upon a court-appointed trustee the representative capacity to sue or be sued on behalf of the estate, 11 U.S.C. § 323(a)-(b) (2000) ("The [bankruptcy] trustee ... has capacity to sue and be sued."). *See also In re Luongo,* 259 F.3d 323, 335 (5th Cir.2001) ("The commencement of the bankruptcy case creates a bankruptcy estate, which includes all 'legal and equitable interests of the debtor.' ") (citations omitted); *Tyler House Apartments, Ltd. v. United States,* 38 Fed.Cl. 1, 6 (1997) ("[T]he power to assert ... a claim [on behalf of the debtor] rests *solely* with the bankruptcy trustee.") (emphasis added) (citing 11 U.S.C. § 323(a) and *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir.1988), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989)). Federal law dictates that the bankruptcy trustee is the only party with standing to bring a claim on behalf of a bankruptcy estate and is therefore the real party in interest under RCFC 17(a).

Because, as defendant argues, "claims arising out of tax years which preceded the date of the filing of the bankruptcy petition become part of the bankruptcy estate," Def.'s Memo. 4–5 (citing *Kokoszka v. Belford,* 417 U.S. 642, 647–48, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) and *Barowsky v. Serelson,* 946 F.2d 1516, 1517–18 (10th Cir.1991)), and because the bankruptcy trustee is the only representative with the capacity to sue or be sued concerning claims arising from the bankruptcy estate, plaintiffs are not the real party in interest with respect to the claims contained in their complaint.

#### III. Conclusion

Because the court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1500, and because plaintiffs are not the real party in interest pursuant to RCFC 17(a), their complaint is DISMISSED without prejudice. No costs.

IT IS SO ORDERED.