978 F.2d 1258
 1992-2 Trade Cases P 70,025
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William F. DAVIS, Plaintiff-Appellant,
v.
FORD MOTOR CO., Ford Motor Credit Co., and Freedom Ford,
Defendants-Appellees.
 No. 92-5254.
 United States Court of Appeals, Sixth Circuit.
 Nov. 5, 1992.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, No. 91-00181; Hood, D.J.
 E.D.Ky.
 AFFIRMED.
 Before KENNEDY and MILBURN, Circuit Judges, and POTTER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs William F. Davis, et al., appeal the district court's grant of defendants Ford Motor Co.'s, Ford Motor Credit Co.'s, and Freedom Ford Lincoln-Mercury, Inc.'s motion to dismiss plaintiffs' claims alleging violations of the Dealer Day In Court Act, 15 U.S.C. § 1222; the Sherman Act, 15 U.S.C. § 1; the Kentucky Motor Vehicle Sales Act, Ky.Rev.Stat.Ann. § 190.070; and alleging breach of contract and tortious interference with contract under Kentucky common law. On appeal, the issues are (1) whether the district court erred in determining that plaintiffs lacked standing to pursue their claims against the defendants, and (2) whether the district court erred in denying plaintiffs' motion to amend their complaint.[1] For the reasons that follow, we affirm.
 
 I.
 
 2
 In May of 1984, plaintiffs William F. Davis and Davis Motor Co. entered into a franchise agreement with defendant Ford Motor Co. In the same month, plaintiffs also entered into a financing and lease agreement with defendant Ford Motor Credit Co. On May 28, 1991, plaintiffs filed this action against defendants setting forth their various state and federal claims. At the time that plaintiffs filed this action, each was a debtor in bankruptcy as each had filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on December 11, 1990, in the United States Bankruptcy Court for the Eastern District of Kentucky, Pikeville Division.
 
 
 3
 On July 19, 1991, defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis that plaintiffs lacked standing to maintain this action and, therefore, failed to state a claim upon which relief could be granted. On July 30, 1991, plaintiffs filed in response to the motion an order of the same date signed by the bankruptcy court in connection with plaintiffs' petitions under Chapter 7 designating the law firm of DeVito and Associates as counsel for the trustee of the bankruptcy estate. This is the same law firm which has represented plaintiffs from the outset of their action in district court, and the same law firm continues to represent plaintiffs.
 
 
 4
 On September 12, 1991, plaintiffs moved to amend their complaint in order to "insert the correct address for the Defendant Freedom Ford Lincoln-Mercury, Inc." and to state an additional claim. Defendants filed a second motion under Rule 12(b)(6), this time to dismiss plaintiffs' amended complaint. Thereafter, on January 16, 1992, the district court, considering both plaintiffs' original and amended complaints, granted defendants' motion to dismiss on the grounds that plaintiffs lacked standing to maintain their action. This timely appeal followed.
 
 II.
 A.
 
 5
 The first issue we shall address concerns our jurisdiction to consider Davis Motor Co.'s appeal, and we raise this issue sua sponte. Plaintiffs' notice of appeal states that "William F. Davis, et al." appeals from the district court's judgment. It is a general rule that each party appealing must be named in the notice of appeal in order for us to possess jurisdiction to consider each respective party's appeal. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988), and Minority Employees of Tenn. Dep't of Employment Sec., Inc. v. Tenn. Dep't of Employment Sec., 901 F.2d 1327 (6th Cir.) (en banc), cert. denied, 111 S.Ct. 210 (1990). Use of the term "et al." is insufficient to designate the appealing parties. Benford v. Frank, 943 F.2d 609, 611-12 (6th Cir.1991). Because Davis Motor Co. is not specifically named in the notice of appeal, it is not an appealing party, and we have no jurisdiction to consider its purported appeal. Torres, 487 U.S. at 317-18; Benford, 943 F.2d at 611-12. However, as will be seen hereafter, our decision on this appeal would be the same even if an appeal had been perfected by Davis Motor Co.
 
 B.
 
 6
 When the district court granted defendants' motion to dismiss, it considered matters outside the pleadings. An appeal from a judgment entered pursuant to a motion to dismiss under Rule 12(b)(6) where the district court has considered matters outside the pleadings is treated as an appeal from a grant of summary judgment. See Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). We review a district court's grant of summary judgment de novo. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmacal, Inc., 862 F.2d 597, 601 (6th Cir.1988). Moreover, we must consider the evidence in the light most favorable to the nonmoving party. Boyd v. Ford Motor Co., 948 F.2d 283, 285 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 C.
 
 7
 Relying on In re Cottrell, 876 F.2d 540 (6th Cir.1989), the district court granted defendants' motion to dismiss, now properly characterized as a grant of summary judgment, on the basis that plaintiffs' cause of action against defendants was an asset of plaintiffs' bankruptcy estate. The district court held that any causes of action against defendants were "vested solely" in the trustee of the bankruptcy estate, and therefore plaintiffs had no standing to maintain this action. We agree.
 
 
 8
 Responding to plaintiffs' counsel's claim of authority to prosecute this action by virtue of the bankruptcy court's order appointing the firm of DeVito and Associates to "render services required" by the trustee in bankruptcy, the district court concluded that "the record contains no indication that the instant action was instituted on behalf of the trustee. Furthermore, the court observed that neither the plaintiffs' original complaint nor their tendered amended complaint states that this action was instituted on behalf of the trustee. Moreover, plaintiffs at no time sought to name the trustee as a party plaintiff in this action.
 
 
 9
 In In re Cottrell, the plaintiffs, debtors who had filed a petition under Chapter 7 of the Bankruptcy Code, attempted to bring a personal injury action against one Charles Booth. The trustee of the plaintiffs' bankruptcy estate filed a motion to have the trustee's counsel prosecute the claim. The bankruptcy court granted the motion and ordered that the trustee's counsel be retained to represent the trustee in "matters relating to the administration of the estate, including a claim for personal injury." Id. at 541. The plaintiffs appealed to the district court and then to this court arguing that the action against Booth was not an asset of the estate, and thus the bankruptcy court erred in ordering that the trustee prosecute the claim. We determined that the appeal was from a final order of the bankruptcy court and held that the Cottrells' personal injury action was an asset of the bankruptcy estate. We also concluded that the bankruptcy court had authority to order the trustee's counsel to represent the trustee in the personal injury action. Id. at 543.
 
 
 10
 It is well settled that, pursuant to 11 U.S.C. § 541(a)(1),[2] causes of action which formerly belonged to a debtor vest in the trustee for the benefit of the bankruptcy estate when the debtor files in bankruptcy under Chapter 7 of the Bankruptcy Code. Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1988), cert. denied, 489 U.S. 1079 (1989); see also Vreugdenhil v. Hoekstra, 773 F.2d 213, 214 (8th Cir.1985) ("choses in action owned by debtor at filing of bankruptcy petition are property of the estate.") (citing In re Smith, 640 F.2d 888 (7th Cir.1981)). Furthermore, under 11 U.S.C. § 323, the trustee is the "representative" of the bankruptcy estate with the capacity to sue and be sued.[3] Bauer, 859 F.2d at 441; Vreugdenhil, 773 F.2d at 215. From the foregoing, we determined that a debtor has no standing to pursue causes of action which are assets of a debtor's bankruptcy estate. Bauer, 859 F.2d at 441. The rationale behind this rule is to allow the trustee to consider the interests of the debtor's unsecured creditors as well as the debtor's interest in maintaining such an action. Id. Fully litigating a court claim could exhaust assets that would otherwise have gone to the creditors. Thus, the trustee must be able to control the prosecution (or lack of prosecution) of claims belonging to the estate in order to protect the creditors' interests. Id. Thus, it is clear that plaintiffs have no standing to prosecute this claim.
 
 D.
 
 11
 Plaintiff Davis argues next that "the District Court should have allowed plaintiffs to amend their Complaint to cure any technical deficiency...." Appellants' Brief at 10. However, as plaintiff himself stated in his brief, the purpose of his request for leave to amend his original complaint was "in order to have the correct address of Freedom Ford Lincoln-Mercury, Inc. ..." in the complaint.[4] Appellants' Brief at 3. The district court's opinion is unclear whether it denied plaintiffs' motion for leave to amend their complaint before it granted summary judgment to defendants or granted the motion to amend first and then granted summary judgment. Regardless, plaintiffs at no time sought to amend their complaint in order to include the trustee as a party plaintiff or to state that the action was brought on behalf of the trustee. Simply correcting the address of one of the defendants would not give the plaintiffs standing to bring this action. Furthermore, plaintiffs offer no explanation as to why they did not attempt to amend their complaint to include the trustee as a party plaintiff. As defendants state, the plaintiffs' "failure to do so can hardly be considered error on the part of the District Court." Appellees' Brief at 11.
 
 
 12
 Finally, plaintiff Davis argues in one sentence that the district court's dismissal of the complaint on a "technical deficiency without further allowing a hearing on the matter was prejudicial error and reversible." Appellants' Brief at 10. First, there is no evidence on the record that plaintiff Davis ever requested a hearing. Second, even if Davis had requested the hearing, he has provided no reason for the district court to grant such a hearing. Davis relies entirely on the bankruptcy court's July 30, 1991, order to support his argument that he has the express consent and authority of both the trustee and the bankruptcy court to pursue the present claims. However, even viewing the bankruptcy court order in the light most favorable to Davis, it simply does not support this argument.
 
 III.
 
 13
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable John W. Potter, Senior United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 For purposes of clarity, we have rephrased the plaintiffs' statement of the issues
 
 
 [2]
 11 U.S.C. § 541(a)(1) states:
 Property of the estate
 (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
 (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
 
 
 [3]
 11 U.S.C. § 323 states:
 Role and capacity of trustee
 (a) The trustee in a case under this title is the representative of the estate.
 (b) The trustee in a case under this title has capacity to sue and be sued.
 
 
 [4]
 The plaintiffs also added another claim to their amended complaint, although they do not state this fact in their brief