**Leroy LEFFEW, Plaintiff,**

v.

**Larry KUGLER; Kugler, LLC d/b/a First Southern Cash Advance; and First Southern Cash Advance, Defendants.**

No. 1:97–CV–551.

United States District Court, E.D. Tennessee.

Feb. 12, 1998.

599

James F. Logan, Jr., Logan, Thompson, Miller, Bilbo, Thompson & Fisher, Cleveland, TN, for plaintiff.

Stephen S. Duggins, Heartfield & Duggins, P.C., Chattanooga, TN, for defendants.

### MEMORANDUM

EDGAR, District Judge.

Defendants have made a motion under FED. R. CIV. P. 12(b)(1) to dismiss the plaintiff's complaint on the ground of lack of subject matter jurisdiction. (Court File No. 5). Plaintiff Leroy Leffew ("Leffew") has not timely filed a response and the Court deems Leffew to have waived opposition to the motion. E.D.TN. LR 7.2. After reviewing the record, the Court concludes the motion to dismiss is well taken and it will be **GRANTED** because Leffew lacks standing.

### I. Standing and FED. R. CIV. P. 12(b)(1)

Defendants contend Leffew lacks standing. The question of standing goes to the heart of subject matter jurisdiction. Standing is perhaps the most important of the federal juri.-

dictional doctrines. *United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 2434–35, 132 L.Ed.2d 635 (1995); *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 230–31, 110 S.Ct. 596, 607–08, 107 L.Ed.2d 603 (1990). The Supreme Court has held that in essence the question of standing is whether a litigant is entitled to have a court decide the merits of a dispute or of particular issues. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). The Supreme Court in *Warth* explains that an inquiry about standing involves both constitutional limitations on the jurisdiction of federal courts and prudential limitations on the exercise of jurisdiction. In its constitutional sense, standing imports justiciability, *i.e.,* whether plaintiff Leffew has made out a "claim or controversy" between himself and the defendants within the meaning of Article III of the United States Constitution. *United States v. Van,* 931 F.2d 384, 387 (6th Cir.1991); *T.H.E. Ins. Co. v. Naghtin,* 916 F.2d 1082, 1084 (6th Cir.1990).

The threshold question in every federal case is to determine if the federal court has authority to entertain the suit. As an aspect of justiciability, the standing question boils down to whether the plaintiff has alleged a sufficient personal stake in the outcome of the controversy as to warrant the plaintiff's invocation of the federal court's jurisdiction and to justify the federal court exercising its remedial powers on behalf of the plaintiff. The jurisdiction of a federal court can only be invoked when the plaintiff himself has suffered some actual or threatened injury resulting from the alleged illegal action. *Id: see also Hays,* 515 U.S. at 742–43, 115 S.Ct. at 2434–35; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559, 112 S.Ct. 2130, 2135, 119 L.Ed.2d 351 (1992); *Allen v. Wright,* 468 U.S. 737, 750–51, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984); *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati,* 56 F.3d 710, 715 (6th Cir.1995). In other words, if Leffew does not have standing under Article III of the United States Constitution to bring the present action seeking a tax refund, then this Court has no subject matter jurisdiction and Leffew's complaint must be dismissed. *Id.*

The constitutional minimum for standing consists of three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the defendant's conduct. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Hays,* 515 U.S. at 742–43, 115 S.Ct. at 2434–35; *Lujan,* 504 U.S. at 560–61, 112 S.Ct. at 2136–37; *Joelson v. United States,* 86 F.3d 1413, 1422 (6th Cir.1996); *Adult Video Ass'n v. U.S. Dept. of Justice,* 71 F.3d 563, 565–66 (6th Cir.1995).

Rule 12(b)(1) motions to dismiss based on lack of subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged in the complaint merely questions the sufficiency of the pleading. In reviewing such facial attacks, a trial court takes the plaintiff's allegations in the complaint as being true, similar to a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.), 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994); *Ohio National Life Insurance Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990); *Community Treatment Centers, Inc. v. City of Westland,* 970 F.Supp. 1197, 1205 (E.D.Mich.1997).

On the other hand, when a trial court considers a factual attack on the subject matter jurisdiction alleged in a complaint, there is no presumption of truthfulness that applies to the plaintiff's factual allegations. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134–35 (6th Cir.1996); *Ritchie,* 15 F.3d at 598; *Ohio National,* 922 F.2d at 325; *Community Treatment Centers,* 970 F.Supp. at 1205; *Cooley v. United States,* 791 F.Supp. 1294, 1298 (E.D.Tenn.1992), *aff'd sub nom., Myers v. United States,* 17 F.3d 890 (6th Cir.1994). In the instant case, the defendants' motion to dismiss under Rule 12(b)(1) raises new, additional factual allegations concerning Leffew's standing as a result of Chapter 7 bankruptcy proceedings not mentioned in Leffew's complaint. The present Rule 12(b)(1) motion is not merely a

facial attack on the sufficiency Leffew's complaint.

Where facts presented to the district court give rise to a factual controversy concerning subject matter jurisdiction, the district court is required to weigh the conflicting evidence and make findings of fact to decide whether jurisdiction does or does not exist. *Madison–Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir.1996) (district court is empowered to resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction); *RMI Titanium,* 78 F.3d at 1134; *Ritchie,* 15 F.3d at 598; *Ohio National,* 922 F.2d at 325; *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915–18 (6th Cir.1986). The Court has wide discretion to allow the parties to submit affidavits, documents, and even hold a limited evidentiary hearing where necessary to resolve disputed jurisdictional facts. *Kroll v. United States,* 58 F.3d 1087, 1092 n. 9 (6th Cir.1995); *Ohio National,* 922 F.2d at 325, 327; *Rogers,* 798 F.2d at 916–18; *Cooley,* 791 F.Supp. at 1298. Although district courts have considerable discretion and latitude in devising fair procedures for resolving questions going to subject matter jurisdiction, federal courts frequently look to FED. R. CIV. P. 56 for guidance in ruling upon evidentiary matters under Rule 12(b)(1). *Ohio National,* 922 F.2d at 327. However, if the parties supplement the record with affidavits and other proof, it does not thereby convert the Rule 12(b)(1) motion into one for summary judgment under FED. R. CIV. P. 56. *Rogers,* 798 F.2d at 916; *Cooley,* 791 F.Supp. at 1298. The burden is on plaintiff Leffew to prove that this Court has subject matter jurisdiction in order to survive the Rule 12(b)(1) motion to dismiss. *Hays,* 515 U.S. at 743, 115 S.Ct. at 2435; *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Warth,* 422 U.S. at 518, 95 S.Ct. at 2215; *Madison–Hughes,* 80 F.3d at 1130; *RMI Titanium,* 78 F.3d at 1134; *Rogers,* 798 F.2d at 915–16.

## II. Facts

The essential facts in the instant case are not in dispute concerning Leffew's bankruptcy. Leffew does not dispute or object to the truth and accuracy of the bankruptcy records submitted by the defendant. The Court, therefore, accepts the defendants' statements of fact concerning the bankruptcy records to be true and correct for the purpose of ruling on the defendants' Rule 12(b)(1) motion.

The Court has reviewed the record and makes the following findings of fact. An evidentiary hearing is not necessary especially in light of Leffew's failure to respond or object to the defendants' Rule 12(b)(1) motion to dismiss.

Leffew is a citizen and resident of Dayton, Tennessee, located in Rhea County. Defendant Larry Kugler is a citizen and resident of Cleveland, Tennessee, in Bradley County. Defendant Kugler, LLC is a Tennessee limited liability company doing business and operating under the name of First Southern Cash Advance ("First Southern") in Dayton, Tennessee. First Southern is a licensed deferred presentment services provider. For a fee, First Southern will cash a customer's check and either hold the check for up to two weeks or defer deposit of the customer's check until an agreed upon date for the customer's convenience.

Kugler, LLC filed its Articles of Organization with the State of Tennessee on November 13, 1995. On December 11, 1995, Kugler, LLC opened for business under the name of First Southern Cash Advance.

In May 1997, the Tennessee Legislature enacted the Tennessee Deferred Presentment Services Act ("DPSA"), TENN. CODE. ANN. §§ 45–17–101 to 45–17–119. The DPSA became effective October 1, 1997. First Southern has subsequently conducted business under the DPSA.

Leffew began utilizing the deferred presentment services of First Southern in February 1996. He continued to use First Southern's services until November 1996 when Leffew stopped payment on his check. To use the deferred presentment services of First Southern, Leffew signed a document with terms and conditions stating that he was not contemplating filing for bankruptcy.

Leffew filed the instant action against defendants in the Circuit Court of Rhea County, Tennessee on October 3, 1997. His com-

plaint alleges that by cashing a check and deferring its deposit for a disclosed fee, First Southern violates the Truth in Lending Act, 15 U.S.C. § 1602, and Regulation Z, 12 C.F.R. § 226; the Tennessee Consumer Protection Act, TENN. CODE. ANN. §§ 47–18–101 *et seq.;* the Tennessee Usury Statute, TENN. CODE ANN. §§ 47–14–101 *et seq.,* and the Constitution of the State of Tennessee, Article XI, Section 7; and the Industrial and Thrift Loan Companies Act, TENN. CODE ANN. §§ 45–5–101 *et seq.* Leffew further claims that defendants "engaged in a fraudulent scheme, artifice and device to extract usurious sums and exorbitant charges through knowing, intentional and willful misrepresentations." On October 31, 1997, defendants removed the case to this federal district court.

Prior to filing the instant suit against defendants, Leffew filed a Chapter 13 petition for bankruptcy with the United States Bankruptcy Court for the Eastern District of Tennessee at Chattanooga. In August 1996, the petition was converted to a Chapter 7 bankruptcy. Leffew was discharged in bankruptcy on February 10, 1997, approximately eight months before he filed the present action against the defendants in the Rhea County Circuit Court. Although the various legal claims which Leffew now asserts against defendants arose prior to his Chapter 7 bankruptcy, the records from the bankruptcy proceeding show that Leffew never listed these claims on any bankruptcy schedule. Moreover, Leffew did not seek to have his claims against the defendants abandoned by the bankruptcy trustee pursuant to 11 U.S.C. § 554.

### III. Analysis

■ Defendants argue that Leffew's complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because: (a) he lacks standing to bring this action as his claims were never scheduled in bankruptcy nor abandoned by the bankruptcy trustee; and (b) his failure to schedule these claims and secure their abandonment in the bankruptcy proceeding operates as estoppel.

The Court agrees with defendants that Leffew does not have standing to litigate his claims in this suit. Leffew's complaint will be **DISMISSED** under Rule 12(b)(1). It is not necessary for the Court to address and decide the question of estoppel at this time.

■ 11 U.S.C. § 541(a)(1) provides that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." The debtor's interests in property includes causes of action. When Leffew filed his Chapter 7 bankruptcy petition, all causes of action belonging to him became vested in the bankruptcy trustee for the benefit of the bankruptcy estate. *Dutka v. Rosenthal,* 1997 WL 225510, at *2 (6th Cir. May 1, 1997); *DeMarco v. Ohio Decorative Products, Inc.,* 1994 WL 59009, at *5 (6th Cir. Feb. 25, 1994); *Davis v. Ford Motor Co.,* 1992 WL 322377, at *3 (6th Cir. Nov. 5, 1992); *In re Cottrell,* 876 F.2d 540 (6th Cir. 1989); *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir.1988), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); *Vreugdenhil v. Hoekstra,* 773 F.2d 213, 214 (8th Cir.1985); *Matter of Smith,* 640 F.2d 888 (7th Cir.1981); *In re Shoemaker,* 155 B.R. 552, 554 (Bankr.N.D.Ala.1992); *Carlock v. Pillsbury Co.,* 719 F.Supp. 791, 856 (D.Minn.1989); *cf. In re Graham Square, Inc.,* 126 F.3d 823, 831 (6th Cir. 1997).

■ The bankruptcy trustee acts as the representative of the bankruptcy estate. It is the trustee who has the capacity to sue and be sued pursuant to 11 U.S.C. § 323(b). Therefore, the bankruptcy debtor, Leffew, has no standing to pursue his claims against defendants Larry Kugler, Kugler, LLC, and First Southern Cash Advance. *Dutka,* 1997 WL 225510, at *2; *DeMarco,* 1994 WL 59009, at *5; *Davis,* 1992 WL 322377, at *3; *Bauer,* 859 F.2d at 441; *Whitfield v. Ford Motor Co.,* 1995 WL 871142 (E.D.Mich. Feb. 27, 1995); *Bankruptcy Estate of B.J. McAdams, Inc. v. Ralston Purina Co.,* 154 B.R. 809 (N.D.Ga.1993). A cause of action is a property right which automatically passes to the trustee in bankruptcy, even if such cause of action is not included in the debtor's schedules of property filed with the bank-

ruptcy court. *DeMarco,* 1994 WL 59009, at *5; *Carlock,* 719 F.Supp. at 856; *Welsh v. Quabbin Timber, Inc.,* 199 B.R. 224, 229 (Bankr.D.Mass.1966); *In re Lansberry,* 177 B.R. 49, 55 (Bankr.W.D.Pa.1995). Only if the bankruptcy trustee formally abandons a claim pursuant to 11 U.S.C. § 554 does that claim revest in the debtor thereby enabling the debtor to bring suit in his own name. *DeMarco,* 1994 WL 59009, at *5; *Management Investors v. United Mine Workers of America,* 610 F.2d 384, 392 (6th Cir.1979).

There is no proof that the bankruptcy trustee ever formally abandoned Leffew's causes of action against the defendants. Leffew never brought his causes of action to the attention of the trustee and the bankruptcy court. Since there is no abandonment by the trustee, Leffew lacks standing and cannot now, after having been discharged in bankruptcy, assert these causes of action against the defendants. *DeMarco,* 1994 WL 59009, at *5; *Management Investors,* 610 F.2d at 392; *Stein v. United Artists Corp.,* 691 F.2d 885, 891 (9th Cir.1982) ("When the bankrupt fails to list an asset, he cannot claim abandonment because the trustee had no opportunity to pursue the claim.")

Accordingly, an order will enter **GRANTING** the defendants' Rule 12(b)(1) motion to dismiss.

### *ORDER*

In accordance with the accompanying memorandum opinion, the defendants' motion to dismiss the complaint (Court File No. 5) is **GRANTED** under FED. R. CIV. P. 12(b)(1) on the ground of lack of subject matter jurisdiction. The plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** with the parties to each bear their own costs of this action. The Clerk of Court shall close the record in this case.

SO ORDERED.