John FARMER and wife, Beth
Farmer, Plaintiffs,

v.

TACO BELL CORPORATION,
Defendant.

No. 98–2283–V.

United States District Court,
W.D. Tennessee,
Western Division.

Dec. 7, 1999.

Anthony Helm, Law Offices of Anthony Helm, Bartlett, TN, for plaintiffs.

Richard R. Roberts, Randall D. Noel, Armstrong Allen Prewitt Gentry, Johnston & Holmes, John W. Campbell, Hale Headrick Dewey & Wolf, Pllc, Memphis, TN, for defendants.

Jimmy Moore, Circuit Court, 30th Judicial District, Memphis, TN, pro se.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

VESCOVO, United States Magistrate Judge.

Plaintiffs John and Beth Farmer sued defendant Taco Bell Corporation for injuries that Beth Farmer sustained when she slipped on a floor at one of defendant's restaurants in Bartlett, Tennessee, on March 3, 1997. Before the court is defendant's Motion to Dismiss or for Summary Judgment.[1] For the reasons that follow, defendant's motion is DENIED.

---

1. The parties have consented to the trial of this matter before the undersigned United States Magistrate Judge.

## I. BACKGROUND AND UNDISPUTED FACTS

Plaintiff Beth Farmer was a customer in a Taco Bell restaurant on March 3, 1997, when she slipped and fell on the floor, suffering injuries. On March 11, 1997, plaintiffs notified Taco Bell that they had retained an attorney and alleged that they had a claim against Taco Bell. Plaintiffs brought the present action in state court on February 23, 1998, alleging that Beth Farmer was injured as a result of the negligence of defendant's employees and asserting a derivative claim by John Farmer for loss of consortium. Defendants removed the case to federal court on March 25, 1998, pursuant to 28 U.S.C. § 1332.

On August 23, 1995, well before Mrs. Farmer was injured, plaintiffs filed for bankruptcy protection under Chapter 13 of the United States Bankruptcy Code. Following the injuries that led to the present case, plaintiffs voluntarily converted their Chapter 13 bankruptcy to one under Chapter 7 on July 1, 1997. Plaintiffs did not list the present cause of action on their schedule of assets as part of the filing for conversion.

## II. ANALYSIS

Defendant asserts three grounds for summary judgment. Defendant first argues that plaintiffs lack standing to bring this lawsuit because this cause of action was part of plaintiffs' bankruptcy estate and thus belonged to the trustee in bankruptcy, not to the plaintiffs. Therefore, defendant contends, only the trustee could bring this action and because the bankruptcy was discharged in January 1998, no one can now bring this suit. As a corollary to its first argument, defendant also contends that plaintiffs' failure to list this personal injury tort claim as an asset on their bankruptcy petition extinguished the cause of action and precludes plaintiffs from suing on it. Finally, defendant insists that if any medical expenses attributable to the personal injury tort claim were discharged in the bankruptcy proceedings, the plaintiffs are barred as a matter of law from recovering those expenses in this lawsuit.

Although defendant styles its motion as one either to dismiss or for summary judgment, the defendant has relied on materials outside of the record, such as the bankruptcy petition and schedules, in support of its motion. Because a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) may not incorporate materials outside of the record but must instead rely strictly on the pleadings, the court analyzes the present motion as one simply for summary judgment.

### A. Summary Judgment Standard

A motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir.1993); *see also Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir.1992) (per curiam). The moving party has the burden of showing that there are no genuine issues of material fact as to an essential element of the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *LaPointe*, 8 F.3d at 378; *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir.1993); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir.1992). If the moving party meets this burden, the nonmoving party must then present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339–40 (6th Cir.1993). The nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but

... by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A mere factual dispute is not enough to preclude the granting of an otherwise proper motion for summary judgment; the key is whether the disputed fact is material and the dispute itself is genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In deciding a motion for summary judgment, "this court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir.1993) (quoting *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505). The evidence, all facts, and any inferences that permissibly may be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Finally, a court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *See Adams v. Metiva*, 31 F.3d 375, 378 (6th Cir.1994).

**B.** *Standing and the Effect of the Chapter 7 Bankruptcy Conversion*

The sole issue on plaintiffs' standing to pursue this personal injury lawsuit is whether a tort claim which arises after a debtor files a Chapter 13 bankruptcy petition but before the debtor converts to a Chapter 7 bankruptcy is property of the bankruptcy estate which can only be prosecuted by the trustee in bankruptcy. Defendant argues that property, including specifically a tort claim, which is acquired by the debtor prior to filing a Chapter 7 bankruptcy petition is property of the debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1), and therefore the trustee becomes the owner of the cause of action once the petition for bankruptcy is filed and is the only person who has standing to pursue the cause of action. Plaintiffs respond that defendant's argument might be meritorious in an ordinary Chapter 7 bankruptcy, but in the case of a conversion from Chapter 13 to Chapter 7, such as here, any property, including specifically a tort claim, acquired by the debtor after the date of the filing of a Chapter 13 petition but prior to the date of the conversion is property of the debtor, not of the bankruptcy estate, pursuant to 11 U.S.C. § 348(f)(1)(A).

Prior to 1994, courts differed as to what property was included in the bankruptcy estate where the bankruptcy was originally filed under Chapter 13 and later converted to Chapter 7. *See In re Sargente*, 202 B.R. 1023, 1024 (Bkrtcy.S.D.Fla.1996) (recognizing split among courts and citing *In re Lybrook*, 951 F.2d 136 (7th Cir.1991) and *In re Bobroff*, 766 F.2d 797 (3d Cir.1985) as the representative cases for the competing views). Some courts, following the so-called "*Lybrook* approach," held that any property acquired after a Chapter 13 filing became property of the bankruptcy estate and remained in the estate upon conversion to Chapter 7. *In re Lybrook*, 951 F.2d 136 (7th Cir.1991). In *Lybrook*, the debtors, an Indiana farming couple who filed a Chapter 13 petition, later received an inheritance of farmland worth $70,000. They then converted their bankruptcy to Chapter 7 because of a "bad farming year." *Id.* at 136–137. The Seventh Circuit held that the debtors were required to turn over the inherited farmland to the bankruptcy trustee upon conversion to Chapter 7. The court reasoned that if debtors could exclude from the bankruptcy estate any property acquired between the original Chapter 13 filing and the Chapter 7 conversion, they would be tempted to

engage in "strategic, opportunistic behavior that hurts creditors...." *Id.* at 137. Essentially, the Seventh Circuit was concerned that such an approach would encourage debtors to abuse the bankruptcy process by filing under Chapter 13 to delay the point when their assets could be seized (after conversion to Chapter 7), while hoping for a windfall inheritance or lottery winnings that they would then not have to share with creditors.

The Third Circuit, in *Bobroff*, took a position contrary to *Lybrook*. *In re Bobroff*, 766 F.2d 797 (3d Cir.1985). Under the *"Bobroff* approach," property that was acquired after the Chapter 13 filing but before conversion to Chapter 7 was not part of the bankruptcy estate. In *Bobroff*, the court examined the rather complicated situation of a debtor who initially filed a petition for bankruptcy under Chapter 7, but then converted to Chapter 13. Subsequently, a tort cause of action arose after which the bankruptcy court converted the Chapter 13 bankruptcy back to Chapter 7. Holding that the tort cause of action did not become part of the Chapter 7 bankruptcy estate, the Third Circuit stated:

> This result is consonant with the Bankruptcy Code's goal of encouraging the use of debt repayment plans rather than liquidation.... If debtors must take the risk that property acquired during the course of an attempt at repayment will have to be liquidated for the benefit of creditors if chapter 13 proves unavailing, the incentive to give chapter 13—which must be voluntary—a try would be greatly diminished. Conversely, when chapter 13 does prove to be unavailing no reason of policy suggests itself why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts....

*Id.* at 803.

To bring order to the confusion, in 1994 Congress passed an amendment to section 348 of the Bankruptcy Code as part of the Bankruptcy Reform Act. The amendment added section 348(f)(1)(A), which provides that when a Chapter 13 case is converted to a bankruptcy under another chapter, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion...."11 U.S.C. § 348(f)(1)(A). In amending section 348, Congress specifically decided to reject the *Lybrook* approach in favor of the *Bobroff* approach. The legislative intent on this point is clear. The comment to section 348(f) notes that:

> This amendment would clarify the Code to resolve a split in the ... law about what property is in the bankruptcy estate when a debtor converts from chapter 13 to chapter 7. The problem arises because in chapter 13 ... any property acquired after the petition becomes property of the estate, at least until confirmation of a plan. Some courts have held that if the case is converted, all of this after-acquired property becomes part of the estate in the converted chapter 7 case, even though the statutory provisions making it property of the estate does not apply to chapter 7. Other courts have held that the property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed.... This amendment overrules the holding in cases such as Matter of *Lybrook*, 951 F.2d 136 (7th Cir.1991) and adopts the reasoning of In re *Bobroff*, 766 F.2d 797 (3d Cir.1985).

140 Cong. Rec. H10752–01, H10770–H10771 (1994). The provisions of the amendment were not made retroactive and do not apply to cases filed prior to October 22, 1994. *See In re Sargente*, 202 B.R. at 1025 (citing Pub.L. 103–394, § 702, 108 Stat. 4106, 4150).

Defendant cites a litany of cases for the proposition that the tort cause of action acquired between the Chapter 13 filing and the Chapter 7 conversion belongs to the bankruptcy estate. However, such

cases are inapposite because they predate the 1994 amendment or involve pre–1994 filings. Several of the cases cited in defendant's original memorandum fall into this category and require no further discussion. These cases include *In re Calder*, 973 F.2d 862 (10th Cir.1992); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705 (9th Cir.1986); *Missouri v. United States Bankruptcy Court*, 647 F.2d 768 (8th Cir.1981); *Dallas Cabana, Inc. v. Hyatt Corp.*, 441 F.2d 865 (5th Cir.1971); *Scharmer v. Carrollton Mfg. Co.*, 525 F.2d 95 (6th Cir.1975); and *Valley Federal Savings Bank v. Anderson*, 612 N.E.2d 1099 (Ind.App.1993).

The only post–1994 case cited by defendant in its reply memorandum involving a conversion from Chapter 13 to Chapter 7 is distinguishable because the petition for bankruptcy was filed before the effective date of the 1994 Act. *See In re Patton*, 200 B.R. 172 (Bankr.N.D.Ohio 1996). The debtor in *Patton* filed a Chapter 13 petition on April 12, 1991, and converted it to a Chapter 7 bankruptcy on October 14, 1992. While the Chapter 13 petition was pending, the debtor was injured in an auto accident on April 21, 1991. The court determined, by reading § 1306 with § 541(a)(7), that property acquired after the Chapter 13 filing but before conversion to Chapter 7 was part of the estate and controllable by the trustee. This case, however, has no persuasive authority in light of the clear intention of Congress in passing the 1994 amendment.

In its supplemental reply brief, defendant relies heavily on a 1998 case out of the Eastern District of Tennessee, *Leffew v. Kugler*, 220 B.R. 598 (E.D.Tenn.1998), for the proposition that despite the 1994 amendment, in a conversion case, property acquired after the Chapter 13 filing becomes property of the Chapter 7 estate. The debtor in *Leffew* converted a Chapter

13 bankruptcy to Chapter 7, legal claims against a check cashing company arose prior to his Chapter 7 bankruptcy, and he did not list the claims on any bankruptcy schedule.[2] *Id.* at 601. Ruling on an unopposed motion to dismiss, the bankruptcy court, without considering or even mentioning section 348(f)(1)(A), determined that the debtor's legal claims against the check cashing company were part of the debtor's Chapter 7 estate. *Id.* at 602. Because the bankruptcy court failed to take into account the effects of section 348(f)(1)(A), this case lacks any persuasive value.[3]

Cases cited by the defendant that involve only a Chapter 7 or a Chapter 13 filing, rather than a conversion from Chapter 13 to Chapter 7, are likewise distinguishable and unpersuasive. *See Correll v. Equifax Check Servs., Inc.*, 234 B.R. 8 (D.Conn.1997) (involving a Chapter 7 bankruptcy petition filed on Dec. 14, 1995, in which plaintiff failed to disclose the potential Fair Debt Collections Practice Act claims in her bankruptcy petition) and *In re Stinson*, 221 B.R. 726 (Bankr. E.D.Mich.1998) (involving a Chapter 7 bankruptcy petition filed November 20, 1997, in which the debtor failed to list a pre-petition personal injury claim).

By contrast, courts that have decided cases involving conversions under the 1994 amendment have held that after-acquired property belongs to the debtor pursuant to § 348(f)(1)(A) unless the conversion was made in bad faith, triggering application of the bad faith exception under § 348(f)(2). *See In re Siegfried*, 219 B.R. 581 (Bankr.D.Colo.1998) and *In re Wiczek–Spaulding*, 223 B.R. 538 (D.Minn. 1998). Importantly, the *Siegfried* court observed that in the typical conversion, "any property in the hands of the Chapter 13 Trustee will be returned to the debtor and the debtor will be entitled to retain

---

**2.** It is not clear from the facts of the case whether the legal claims against the check cashing company arose prior to the filing of the Chapter 13.

**3.** If the amendment applied, this court would respectfully disagree with the holding.

most, if not all, property acquired during the pendency of the Chapter 13 case." *Id.* at 584. The *Siegfried* court determined that the debtor acted in bad faith, the bad faith exception to § 348(f)(1)(A) applied, and the property became part of the Chapter 7 estate pursuant to § 348(f)(2). While it is true, as defendant points out, that the debtors in *Siegfried* converted their bankruptcy prior to confirmation of their Chapter 13 plan and plaintiffs in the present case converted after confirmation of their Chapter 13 plan, nothing in the language of the Bankruptcy statute or its legislative history indicates a Congressional intent to limit section 348(f) to pre-confirmation conversions.[4]

*In re Wiczek–Spaulding* involved a post-confirmation conversion and the court still applied section 348(f)(1)(A). The debtor filed a Chapter 13 petition on March 6, 1995, and the plan was confirmed on June 22, 1995. Nearly six months later, on December 8, 1995, the debtor was told by her employer that she was eligible for a voluntary separation program that would pay her a lump-sum if she retired. On December 26, 1995, she converted her Chapter 13 plan to Chapter 7 and within a week enrolled in the voluntary separation program, which paid her a lump-sum of $58,832.01 after taxes. The court noted that the debtor's rights under the program had already arisen by the date of conversion, found that the conversion was not in bad faith, and held that under section 348(f)(1)(A) the property was not part of the bankruptcy estate.

■ Plaintiffs' cause of action in the present case arose after confirmation of the Chapter 13 plan but prior to the conversion to a Chapter 7 bankruptcy. Section 348(f)(1)(A) clearly dictates that any property acquired during that time-frame is not part of the bankruptcy estate.

Therefore, unless plaintiffs acted in bad faith by converting to Chapter 7, the present cause of action belongs to the plaintiffs and they have standing to sue.

### C. *The Bad Faith Conversion Exception*

■ In its Supplemental Reply Memorandum, defendant argues for the first time that plaintiffs converted their Chapter 13 plan to Chapter 7 in bad faith, and that therefore the cause of action belongs to the trustee pursuant to the bad faith exception set forth in section 348(f)(2). Defendant relies on the timing of plaintiffs' actions—converting the bankruptcy plan within four months after the injuries but then waiting until after the Chapter 7 case was discharged to file the present action—as an indication of bad faith.

The only evidence on the present record with respect to plaintiffs' intentions in converting the Chapter 13 bankruptcy to a Chapter 7 is the affidavit of both plaintiffs attached as Exhibit A to plaintiffs' response. According to the affidavit, the plaintiffs' sole reason for converting to Chapter 7 was their inability to pay the amount required under their Chapter 13 plan. (Pls.' Aff. ¶ 4.) Plaintiffs further aver that they honestly and sincerely believed that their case was lawfully converted and that no medical expenses resulting from the injuries at issue in the present case were discharged by way of the conversion. (*Id.* ¶¶ 5–6.)

An inquiry into bad faith is fact specific. *Siegfried,* at 585. On the present record, there is a genuine issue of material fact on the issue of bad faith which precludes summary judgment.

### D. *Failure to List the Tort Claim on Bankruptcy Schedules*

■ Plaintiffs admit that they failed to disclose the instant cause of action on their

---

4. The use of the term "pre-confirmation" by the *Siegfried* court appears to stem from the court's limitation of the "after-acquired" property provisions of 11 U.S.C. § 1306(a)(1) to property acquired by the debtor in a Chapter 13 case prior to confirmation. *See id.* at 583–84.

bankruptcy schedules. However, because the property did not become part of the bankruptcy estate, there is no reason to estop plaintiffs from pursuing the claim now because of their failure to schedule the claim.

*E. Medical Expenses*

Defendant has not presented any evidence that medical bills associated with plaintiffs' personal injury claim at issue in this lawsuit were included in the bankruptcy discharge. Without such evidence, the court is unable to conclude that defendant is entitled to a judgment as a matter of law on the issue of medical expenses.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.