IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 24, 2002  Session

## DONALD A. TANGWALL v. PATRICK STAPLETON, CRAIG M. REED, DARCY REED, MARK PLOE, LINDA PLOE and MICHAEL JABLONSKI

**Direct Appeal from the Circuit Court for Blount County**
**No. L-12737     Hon. W. Dale Young, Circuit Judge**

**FILED JULY 25, 2002**

**No. E2001-02121-COA-R3-CV**

Plaintiff filed a Petition in bankruptcy and subsequently filed suit in Circuit Court, claiming damages against defendants.  The Trial Court dismissed plaintiff's action.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Donald A. Tangwall, *pro se*, Maryville, Tennessee, Appellant.

R. Franklin Norton, and R. David Benner, Knoxville, Tennessee, for Appellee, Patrick Stapleton.

Linda J.  Hamilton Mowles, Knoxville, for Appellees, Craig M. Reed and Darcy Reed.

Ronald Attannasio, Knoxville, for Appellees, Mark Ploe and Lynn Ploe.

### OPINION

Plaintiff filed a Chapter 7 Bankruptcy Petition on February 11, 2000, and subsequently filed the Complaint in this case on March 27, 2001, alleging that on January 21, 2000, defendants removed personal property, placed it in storage without lawful process, and also converted four guns, equipment and tools for their personal use, committed abuse of process and other improprieties.  Plaintiff sought damages for conversion of personal property, malicious abuse of process, exemplary damages, emotional pain, interest and costs, and other special damages.

Defendants move to dismiss on the grounds that plaintiff lacks standing and there was no subject matter jurisdiction inasmuch as the alleged cause of action is part of the bankrupt estate and had not been abandoned by the Chapter 7 trustee. Defendants Reed also moved to dismiss for failure to state a claim, and for judgment on the pleadings.

The Trial Court ruled that the claims set forth in the Complaint constituted property of plaintiff's bankrupt estate pursuant to 11 U.S.C. §541(a)(1), and dismissed the suit with prejudice against the plaintiff, but without prejudice to the trustee. The same day, the trustee filed a Notice of Abandonment, in which he abandoned interest in any cause of action "against any party for the alleged wrongful eviction and dispossession of real property and . . . conversion, and or retention of personal property of the Debtor which has been listed as exempt in the Debtor's petition, as may be amended." Plaintiff's Schedule C "Property Claimed as Exempt as Amended" filed with his bankruptcy petition listed only "furniture and clothing" as exempt from the estate.

In this Court, defendant Stapleton has filed a Motion for Consideration of Post-Judgment Facts and a supporting brief, pursuant to Tenn. R. App. P. 14,[1] contending that developments in the bankruptcy proceedings have a direct bearing on the outcome of this appeal. No response has been filed by plaintiff.

The Motion reveals that plaintiff filed a Motion on September 14, 2001 in the bankruptcy action, asking that defendant Stapleton be held in contempt, based upon the same allegations as those set forth in his Circuit Court complaint. Defendant Stapleton filed a Motion for Partial Summary Judgment in the Bankruptcy Court, asserting that the contempt motion pertains to damages that are property of the estate and have not been abandoned by the Chapter 7 trustee, and the claims were or could have been litigated in the prior court action and are barred by *res judicata*. The Bankruptcy Judge by Order of May 28, 2002, granted summary judgment in part to defendant Stapleton. The Court found that because the Circuit Court case was dismissed upon jurisdictional grounds, it was not an adjudication upon the merits and the doctrine of *res judicata* was inapplicable. However, the Court construed the Notice of Abandonment filed by the trustee and found that plaintiff may only bring a damages claim for alleged conversion of exempted property listed on the Amended Schedule C, which only lists "furniture and clothing" valued at $4,000.00. All other property, such as his motor home, guns, etc., were neither exempted nor abandoned, and remained

---

[1]**Rule 14. Consideration of Post-Judgment Facts in the Appellate Court**

**(a) Power to Consider Post-Judgment Facts.** The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its own motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While neither controlling nor fully measuring the court's discretion, consideration generally will extent only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters.

property of the estate and therefore remain under the control of the Chapter 7 trustee.

The issues before this Court are essentially questions of law and are tried *de novo* with no presumption of correctness of the Trial Court's ruling.

The bankrupt estate is comprised of . . . "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). That property also includes any causes of action the debtor may have at the beginning of the case. *In re: Ozark Equipment Co.*, 816 F.2d 1222, 1225 (8th Circ. 1987); *Bauer v. Commerce Union Bank,* 859 F.2d 438 (6th Cir. 1988). The trustee, acting for the benefit of the estate, has the capacity to sue and be sued, and may bring any causes of action formerly belonging to the debtor. 11 U.S.C. 323(b); *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179 (S.D. Miss. 1986); *Leffew v. Kugler,* 220 B.R. 598 (E.D. Tenn. 1998). Only the Chapter 7 trustee, and not the debtor, has standing to pursue any pre-petition cause of action, unless the trustee has formally abandoned it pursuant to the provisions of 11 U.S.C. §554(c) and (d).

It is well settled that where a debtor fails to list any assets on the bankruptcy petition schedule of assets, including causes of action for personal injury claims, he will be precluded from pursuing those claims in his own name post-discharge. *George Stokes Elec. & Plumbing, Inc., v. Dye*, 240 A.D.2d 919 (N.Y. App. Div. 1997); *In re: Drexel Burnham Lambert Group, Inc.,* 160 B.R. 508 (S.D.N.Y. 1993). If a cause of action is not formally scheduled, it will remain property of the estate, having been neither administered nor abandoned by the trustee, and the debtor will have no standing to assert it. *Stanley v. Sherwin-Williams Co.*, 156 B.R. 25 (W.D. Va. 1993).

In this case, it is appropriate to consider post-judgment facts pursuant to Rule 14, Tenn. R. App. P. The Bankruptcy Court's Order of May 28, 2002, granting summary judgment to defendant Stapleton, directs that the trustee retains control over all of the property of the estate except matters listed on plaintiff's schedule C, and plaintiff is estopped from further litigating these matters. *See, Blue Diamond Coal v. Holland-America Ins. Co.*, 671 S.W.2d 829, 832 (Tenn. 1984); *King v. Brooks*, 562 S.W.2d 422 (Tenn. 1987); *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998).

While the Trial Court's final Order does not state the grounds for his ruling, the record reflects that the Reeds, owners of a mini-storage facility, supported their Motions to Dismiss with a sworn affidavit that plaintiff stated he had no evidence that the Reeds had done anything wrong in this matter, but that he just thought they knew more than they were telling him. Plaintiff did not contradict this affidavit on the record, and since the Complaint sets forth no specific allegations of wrongdoing against defendants Reed, it was appropriate to dismiss the case as to the Reeds for failure to state a claim against them or in treating their Motion as one for summary judgment, pursuant to Rules 12 and 56, Tenn. R. App. P.

We hold that the Trial Court did not err in dismissing this case for plaintiff's lack of standing, and the Court's lack of subject matter jurisdiction as to the property of the bankrupt estate

under the control of the trustee, and failure to state a claim.  Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to plaintiff, Donald A. Tangwall.

_____

HERSCHEL PICKENS FRANKS, J.