**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0079n.06**
**Filed: January 25, 2008**

**No. 07-5542**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **DAVID BOHANAN; KATHY BOHANAN**, | ) | |
| | ) | |
| *Plaintiffs-Appellants*, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| **BRIDGESTONE/FIRESTONE NORTH** | ) | COURT FOR THE MIDDLE |
| **AMERICAN TIRE, LLC**, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| *Defendant-Appellee*. | ) | **O P I N I O N** |

BEFORE:     KENNEDY, MARTIN, and COLE, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.**  Plaintiff-Appellants David and Kathy Bohanan (collectively "the Bohanans") filed this action on February 16, 2006, alleging that Mr. Bohanan had been subject to age discrimination, Ms. Bohanan had been subject to reverse-race discrimination, and both had been retaliated against for reporting workplace harassment in violation of Title VII of the Civil Rights Act of 1965 ("Title VII"), 42 U.S.C. § 2000e, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101.

Nearly two years before the filing of the instant lawsuit, on February 13, 2004, the Bohanans filed a Voluntary Petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee.  On March 25, 2004, the bankruptcy court entered an Order confirming the proposed Chapter 13 plan, approving a payment schedule of $632 weekly for 36

months, and providing for a payment of 100% of the amount owed to unsecured creditors.

Seven months after they filed their Title VII and THRA discrimination and retaliation claims, on September 20, 2006, the Bohanans filed a motion to modify their Chapter 13 plan, alleging that Ms. Bohanan had recently become disabled, that Mr. Bohanan retired to take care of her, and that their income was significantly reduced as a result of these events. The bankruptcy court provided the required twenty-day period to allow an opportunity for creditors to object to the proposed modification. Following this period, the bankruptcy court granted the Bohanans' motion, extending the payment period from 36 to 48 months, decreasing the amount owed to unsecured creditors from 100% to 30%, reducing the debtors' weekly payments from $632 to $164, and changing the new base amount owed to $89,934.

On November 28, 2006, Defendant-Appellee Bridgestone/Firestone North American Tire, LLC ("Bridgestone"), filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(c), based upon the Bohanans' failure to disclose to the bankruptcy court their lawsuit against Bridgestone. The district court agreed, and dismissed the complaint on the basis of judicial estoppel, finding that the Bohanans' took inconsistent positions in separate proceedings in order to manipulate the judicial process to their advantage. *Bohanan v. Bridgestone/Firestone North American Tire, LLC*, No. 3:06cv122, 2007 WL 101209, at *1 (M.D. Tenn. April 10, 2007).

We review a motion for judgment on the pleadings pursuant to Rule 12(c) under "the same de novo standard applicable to a motion to dismiss under Rule 12(b)(6)." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations

as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id*. at 512. However, we have noted that "we need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). Additionally, a district court's application of judicial estoppel is subject to de novo review. *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).

The district court found that by failing to disclose to the bankruptcy court that the current controversy was a potential asset, the Bohanans asserted under oath a position that was contrary to the one asserted in this case, and that the bankruptcy court adopted the contrary position as a part of a final disposition. Although the Bohanans now attempt to assert that this omission was an inadvertent mistake by counsel, the district court concluded that the Bohanans have offered no affirmative evidence of good faith, nor have they made any specific allegations that their failure to amend their asset disclosures was the result of inadvertence or mistake.

Because the persuasive reasoning that supports the judgment in favor of Bridgestone has been clearly articulated by the district court, the issuance of a detailed written opinion by us would be unduly duplicative. The judgment rendered by the Honorable Thomas A. Wiseman, Jr., on April 10, 2007, is accordingly **AFFIRMED** on the basis of the reasoning contained in that opinion.