Tina CLARKE, Plaintiff,

v.

UNITED PARCEL SERVICE, INC., Defendant.

No. 09–2056–STA.

United States District Court,
W.D. Tennessee,
Western Division.

Jan. 15, 2010.

Luther O'Neal Sutter, Harrill & Sutter, PLLC, Benton, AR, for Plaintiff.

Jason D. Fisher, John Park, Waller Lansden Dortch & Davis, Nashville, TN, for Defendant.

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

S. THOMAS ANDERSON, District Judge.

Before the Court is Defendant United Parcel Service, Inc.'s Motion to Dismiss (D.E.# 8) filed on March 18, 2009. On August 17, 2009, the Magistrate Judge recommended Defendant's Motion be granted and the case dismissed (D.E.# 32). Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation (D.E.# 33) on August 21, 2009. Having reviewed the Magistrate Judge's Report and Recommendation *de novo,* and the entire record of the case, the Court hereby **ADOPTS** in part the Magistrate Judge's Report and **GRANTS** Defendant's Motion to Dismiss.

### BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the facts in this case, which were as follows:

On February 8, 2005, Plaintiff Tina Clarke ("Clarke") filed a Chapter 13 Voluntary Petition ("Bankruptcy Petition") in the United States Bankruptcy Court for the Western District of Tennessee at Memphis. The Bankruptcy Petition contained the required schedules, including "Schedule B. Personal Property" ("Schedule of Personal Property"). Nearly eighteen months later, Clarke filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 30, 2007. The Charge of Discrimination alleged that UPS had discriminated against her on the basis of age and disability and retaliated against her from January 3, 2007 until October 30, 2007. Additionally, the Charge of Discrimination alleged that Clarke's employment with UPS was terminated on October 26, 2007.

Following the termination of her employment with UPS, Clarke filed a "Motion to Make Direct Payments and Modify Plan Payment Schedule" in the United States Bankruptcy Court for the Western District of Tennessee on May 9, 2008. Def.'s Mot. to Dismiss, Ex. 5. Clarke stated that her "current plan payments are scheduled to be paid via employer payroll deductions every week" but that she had become unemployed. *Id.* As such, Clarke requested to make direct payments from her employment benefits to the Trustee. *Id.* On June 25, 2008, the United States Bankruptcy Court for the Western District of Tennes-

see granted Clarke's motion. Def.'s Mot. to Dismiss, Ex. 6. Notwithstanding the previously filed Charge of Discrimination, Clarke did not amend her bankruptcy schedules to report her cause of action.

Clarke filed a Complaint in this Court on February 2, 2009 alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), Section 1981 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, ("ADA") and the Tennessee Human Rights Act, Tenn.Code Ann. § 4–21–401. Clarke did not amend her bankruptcy schedules upon the filing of the Complaint. On March 18, 2009, UPS filed the instant Motion to Dismiss Plaintiff's Complaint based upon judicial estoppel. Over one month after the filing of the Motion to Dismiss, Clarke filed an amended Schedule of Personal Property to reflect this lawsuit. See Pl.'s Resp. to Mot. to Dismiss, Ex. A.

The Magistrate Judge has recommended that the Court grant Defendant's Motion to Dismiss. More specifically, the Magistrate Judge concluded that Plaintiff lacks standing to bring this suit because as the debtor the Plaintiff has no standing to sue. The trustee of the bankruptcy estate is the real party in interest. The Magistrate Judge also concluded that since Plaintiff failed to amend her bankruptcy court filings after filing the instant lawsuit the doctrine of judicial estoppel mandates dismissal.

Plaintiff has filed timely objections to the Magistrate Judge's Report and Recommendation to grant Defendant's Motion to Dismiss. Plaintiff first contends that

the Magistrate Judge's Order makes inappropriate credibility determinations. More specifically, Plaintiff asserts that the Magistrate Judge's Order requires unsophisticated debtors, such as Plaintiff, to know they must amend their bankruptcy schedules years after a plan is confirmed. Plaintiff contends this is not the law. Secondly, Plaintiff contends that she does have standing to bring this suit. Plaintiff cites a series of cases outside of this Circuit for the proposition that a debtor and trustee have concurrent standing to sue on behalf of the bankruptcy estate. Finally, Plaintiff argues that she did not in bad faith fail to amend her bankruptcy schedule. Thus, the equitable doctrine of judicial estoppel should not apply.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a *de novo* standard of review for "dispositive" motions excepted in § 636(b)(1)(A) such as motions to dismiss.[1]

### ANALYSIS

#### I. Judicial Estoppel

As noted above, the Magistrate Judge found that judicial estoppel bars the instant cause of action due to Plaintiff's failure to amend her bankruptcy schedules after filing the instant cause of action. As the Magistrate Judge correctly pointed out, the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs."[2] A legal claim or cause of action is an asset that

---

**1.** *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir.2001) (citing *United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1).

**2.** 11 U.S.C. § 521(1).

must be listed under § 521(1).[3] The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action.[4]

■ Under the doctrine of judicial estoppel, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position ..."[5] Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship."[6] The Sixth Circuit, however, has instructed that the doctrine should be applied with caution to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement."[7]

■ The United States Supreme Court in *New Hampshire* identified three factors that are relevant in determining whether judicial estoppel should apply:

(1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[8]

In *Browning,* the Sixth Circuit focused on the first two factors identified in *New Hampshire* and described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition."[9]

The Magistrate Judge correctly points out that the case at bar is strikingly similar to *Bohanan v. Bridgestone/Firestone North American Tire, LLC.*[10] In *Bohanan,* the plaintiffs filed a bankruptcy petition almost two years before commencing a discrimination lawsuit.[11] The plaintiffs did not amend their bankruptcy schedules at any time before the defendant filed a motion to dismiss, including when plaintiffs filed a motion to amend their Chapter 13 Plan in the bankruptcy court.[12] The Sixth Circuit affirmed the District Court's con-

---

**3.** *See Eubanks v. CBSK Fin. Group, Inc.,* 385 F.3d 894, 897 (6th Cir.2004).

**4.** *Scott v. The Dress Barn,* No. 04–1298–T–AN, 2006 WL 962534, at *3 (W.D.Tenn. April 12, 2006)(quoting *In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir.1999)).

**5.** *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)(internal citations omitted); see also *Eubanks,* 385 F.3d at 897.

**6.** *Browning v. Levy,* 283 F.3d 761, 776 (6th Cir.2002)(internal citations omitted).

**7.** *Eubanks,* 385 F.3d at 897.(quoting *Teledyne Indus., Inc. v. NLRB,* 911 F.2d 1214, 1218 (6th Cir.1990)).

**8.** *New Hampshire,* 532 U.S. at 750–51, 121 S.Ct. 1808.

**9.** *Browning v. Levy,* 283 F.3d 761, 775 (6th Cir.2002)(internal quotation omitted).

**10.** *Bohanan v. Bridgestone/Firestone North American Tire, LLC.,* 260 Fed.Appx. 905 (6th Cir.2008).

**11.** *Id.* at 905.

**12.** *Bohanan v. Bridgestone/Firestone North American Tire, LLC.,* No. 3:06cv122, 2007 WL 1091209, at *6 (M.D.Tenn. Apr.10, 2007).

clusion that the plaintiffs' case must be dismissed because the plaintiffs had taken contrary positions under oath and because the record contained no affirmative evidence of good faith, inadvertence, or mistake.[13]

Just as in *Bohanan,* the Plaintiff here did not amend her bankruptcy schedules at any time prior to Defendant filing its Motion to Dismiss. Plaintiff filed her Charge of Discrimination on October 30, 2007. On May 9, 2008, Plaintiff filed a Motion to Make Direct Payments and Modify Plan Payment Schedule in the United States Bankruptcy Court for the Western District of Tennessee. Then, on February 2, 2009, Plaintiff filed her Complaint in the case at bar. At none of these times, did Plaintiff amend her bankruptcy schedules. Therefore, Clarke is now asserting a position in this lawsuit that is contrary to the position she took under oath in a prior proceeding, and the United States Bankruptcy Court for the Western District of Tennessee has already adopted her contrary position in its consideration of her bankruptcy case. Thus, just as the Magistrate Judge asserted, the *Browning* factors mandate that judicial estoppel bar Plaintiff from pursuing the instant lawsuit.

Additionally, Plaintiff argues that her failure to disclose the present cause of action to the United States Bankruptcy Court for the Western District of Tennessee should be deemed "inadvertent" and prevent the application of judicial estoppel. The Sixth Circuit has held that when the debtor's failure to disclose a claim is inadvertent or the result of a mistake by the debtor, the claim will not be estopped.[14]

Inadvertence may be found (1) "where the debtor lacks knowledge of the factual basis of the undisclosed claims" and (2) "where the debtor has no motive for concealment."[15] A motive to conceal can be inferred from the omission itself, because "[b]y omitting the claims, [the debtor] could keep any proceeds for herself and not have them become part of the bankruptcy estate."[16]

Here, the Magistrate Judge found that Plaintiff's failure to amend her bankruptcy schedules was not inadvertent. More specifically, the Magistrate Judge noted that Plaintiff was aware of the factual basis for her discrimination claims on October 30, 2007 when she filed her Charge of Discrimination, on May 9, 2008 when she sought to modify her payments, and on February 2, 2009 when she filed the Complaint in this action. Despite this knowledge, Plaintiff did not amend her bankruptcy schedules on any of these days. Additionally, the Magistrate Judge noted that the "Sixth Circuit has held it is always in a Chapter 13 petitioner's interest to minimize income and assets," and thus Plaintiff had a motive for concealment. Ultimately, the Magistrate Judge found that Plaintiff failed to proffer evidence that her failure to amend her bankruptcy schedules was inadvertent.

The Plaintiff, however, argues that the Magistrate Judge's findings make inappropriate credibility determinations and that her actions were not in bad faith. Therefore, the Plaintiff's objection to the Magistrate Judge's Report and Recommendation seems to focus on the "no motive" explanation to support her argument that her failure to amend her schedules was inad-

---

13. *Bohanan,* 260 Fed.Appx. at 906.

14. *Browning,* 283 F.3d at 776.

15. *Id.*

16. *Johnson v. Interstate Brands Corp.,* No. 07–227B, 2008 WL 152895, at *4 (W.D.Tenn. Jan.14, 2008)(quoting *Barger v. City of Cartersville,* 348 F.3d 1289, 1296 (11th Cir. 2003)).

vertent. The Court, however, agrees with the Magistrate Judge.

In the case at bar, it is undisputed that Plaintiff had knowledge of her discrimination claims on three occasions, October 30, 2007, May 9, 2008, and February 2, 2009, prior to the Defendant filing the instant Motion to Dismiss. Therefore, the Magistrate Judge correctly found that Plaintiff did not inadvertently fail to amend her bankruptcy schedules due to the lack of knowledge of her claim. Additionally, as noted above, the Sixth Circuit has held that "it is always in a Chapter 13 petitioner's interest to minimize income and assets." [17] Thus, Plaintiff, as a Chapter 13 debtor, had a motive to conceal her claim. This finding was not a credibility determination by the Magistrate Judge as the Plaintiff suggests but rather a firmly established principle in this Circuit.

■ Plaintiff also contends that the Magistrate Judge's Order inappropriately requires "unsophisticated debtors to know they are to amend their schedules." Since Plaintiff, as noted above, had a continuing obligation to amend her bankruptcy schedule, the Court finds this argument is without merit. Finally, Plaintiff argues that her actions were not done in bad faith. Plaintiff, however, proffers no evidence to indicate that she took steps to apprise the bankruptcy court of this lawsuit until after Defendant filed the instant Motion to Dismiss. Thus, Plaintiff has not proffered evidence that she acted in good faith. The Court finds that Plaintiff's failure to amend her Schedule of Personal Property cannot be deemed inadvertent, and therefore Defendant is entitled to judgment as a

matter of law on the basis of judicial estoppel. Thus, this Court adopts the Magistrate Judge's recommendation as to her holding on judicial estoppel.

## II. Standing

■ The Magistrate Judge also found that Plaintiff lacks standing to pursue the instant suit. More specifically, the Magistrate Judge noted that Plaintiff's bankruptcy trustee, rather than Plaintiff, the debtor, has standing to pursue this cause of action. The Magistrate Judge relied on the Sixth Circuit's holding in *Bauer v. Commerce Union Bank* for the proposition that debtors do not have standing to bring claims that are part of the bankruptcy estate.[18] *Bauer*, however, involved a Chapter 7 filing, and not a Chapter 13 filing, as is the case here.

In this District, there appear to be two competing views on whether or not a Chapter 13 debtor has standing to bring claims. The Sixth Circuit does not appear to have ruled on this issue. In *Scott v. The Dress Barn*, District Chief Judge James Todd held that a Chapter 13 debtor lacked standing to pursue an employment discrimination claim, when she filed a bankruptcy petition less than a month after filing the claim.[19] In so holding, the court, like the Magistrate Judge here, relied on *Bauer* and did not consider whether Chapter 7 and Chapter 13 debtors should be treated differently. In contrast, in *Johnson v. Interstate Brands Corporation*, District Judge J. Daniel Breen held that a Chapter 13 debtor does have standing to bring suit.[20] In *Johnson*, however,

---

17. *Lewis v. Weyerhaeuser Co.*, 141 Fed.Appx. 420, 425–26 (6th Cir.2005).

18. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 440–42 (6th Cir.1988).

19. *Scott*, 2006 WL 962534, at *2.

20. *Johnson*, 2008 WL 152895, at *5. The court relied on *Cable v. Ivy Tech State College*, 200 F.3d 467, 472–78(7th Cir.1999), for the proposition that Chapter 13 debtors and the trustee have concurrent standing to bring a claim. *Id.* The court also looked to *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513,

the court examined the factors differentiating Chapter 7 and Chapter 13 debtors.[21] There, the court relied on holdings in the Seventh, Second, and Third Circuits for the proposition that a debtor and trustee have concurrent standing to bring a claim.[22] While the Magistrate Judge adopted the rule enumerated in *Scott,* the Court finds the holding in *Johnson* more persuasive. Therefore, this Court finds that Plaintiff does have standing to pursue the instant cause of action.

### CONCLUSION

The Court adopts the Magistrate Judge's Recommendation that the case be dismissed pursuant to the doctrine of judicial estoppel. Defendant's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

CHARMIANE G. CLAXTON, United States Magistrate Judge.

Before the Court is Defendant United Parcel Service, Inc.'s ("UPS") Motion to Dismiss. (D.E.# 8). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. (D.E.# 22). For the reasons set forth herein, the Court RECOMMENDS that UPS's Motion to Dismiss be GRANTED.

### I. Introduction

On February 8, 2005, Plaintiff Tina Clarke ("Clarke") filed a Chapter 13 Voluntary Petition ("Bankruptcy Petition") in the United States Bankruptcy Court for

the Western District of Tennessee at Memphis. The Bankruptcy Petition contained the required schedules, including "Schedule B. Personal Property" ("Schedule of Personal Property"). Nearly eighteen months later, Clarke filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 30, 2007. The Charge of Discrimination alleged that UPS had discriminated against her on the basis of age and disability and retaliated against her from January 3, 2007 until October 30, 2007. Additionally, the Charge of Discrimination alleged that Clarke's employment with UPS was terminated on October 26, 2007.

Following the termination of her employment with UPS, Clarke filed a "Motion to Make Direct Payments and Modify Plan Payment Schedule" in the United States Bankruptcy Court for the Western District of Tennessee on May 9, 2008. Def.'s Mot. to Dismiss, Ex. 5. Clarke stated that her "current plan payments are scheduled to be paid via employer payroll deductions every week" but that she had become unemployed. *Id.* As such, Clarke requested to make direct payments from her employment benefits to the Trustee. *Id.* On June 25, 2008, the United States Bankruptcy Court for the Western District of Tennessee granted Clarke's motion. Def.'s Mot. to Dismiss, Ex. 6. Notwithstanding the previously filed Charge of Discrimination, Clarke did not amend her bankruptcy schedules to report her cause of action.

Clarke filed a Complaint in this Court on February 2, 2009 alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), Section 1981 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"), the Age

---

515–16 (2d Cir.1998) and *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1209 n. 2 (3d Cir.1992) for the same proposition. *Id.*

**21.** *Id.* at *5.

**22.** *Id.* at *6.

Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, ("ADA") and the Tennessee Human Rights Act, Tenn.Code Ann. § 4–21–401. Clarke did not amend her bankruptcy schedules upon the filing of the Complaint. On March 18, 2009, UPS filed the instant Motion to Dismiss Plaintiff's Complaint based upon judicial estoppel. Over one month after the filing of the Motion to Dismiss, Clarke filed an amended Schedule of Personal Property to reflect this lawsuit. *See* Pl.'s Resp. to Mot. to Dismiss, Ex. A.

## II. Analysis

It is recommended that Plaintiff's Complaint be dismissed based on lack of standing and the doctrine of *res judicata*.

### A. Standing

Under Section 541(a) of the United States Bankruptcy Code, the commencement of a bankruptcy case creates an estate that is comprised of certain property, including "all legal or equitable interests of the debtor in the property as of the commencement of the case." 11 U.S.C. § 541(a). As such, the bankruptcy trustee "has the capacity to sue and be sued," 11 U.S.C. § 323(b), and the debtor does not have standing to pursue any such causes of action, *see Bauer v. Commerce Union Bank,* 859 F.2d 438, 440–41 (6th Cir.1988). Thus, as an initial matter, the bankruptcy trustee would have to either "join, authorize, or abandon" the instant action before it could proceed. *Bauer,* 859 F.2d at 440. There is no evidence in the record to indicate that the bankruptcy trustee has either joined, authorized or abandoned the instant claims. Therefore, Clarke does not have standing to pursue this suit.

### B. Judicial Estoppel

Next, the Court must consider whether the doctrine of judicial estoppel bars the instant cause of action due to Clarke's failure to amend the bankruptcy schedules. Under Section 521(1) of the United States Bankruptcy Code, a debtor must file a list of creditors and, unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs. 11 U.S.C. § 521(1). It is well-settled that a cause of action is an asset that must be scheduled under § 521(1). *See Eubanks v. CBSK Financial Group, Inc.,* 385 F.3d 894, 897 (6th Cir.2004). Moreover, the duty to disclose is a continuing one, and the debtor is required to disclose all potential causes of action. *See, e.g. In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir.1999).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting *Pegram v. Herdrich,* 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). Judicial estoppel is intended to preserve "the integrity of courts be preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy,* 283 F.3d 761, 776 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. N.L.R.B.,* 911 F.2d 1214, 1218 (6th Cir. 1990)). The United States Court of Appeals for the Sixth Circuit has previously described judicial estoppel as a rule against "the perversion of the judicial machinery," "playing fast and loose with the courts," "blowing hot and cold as the occasion demands," or "hav[ing] [one's] cake and eat[ing] it too." *Reynolds v. Comm'r,* 861 F.2d 469, 472 (6th Cir.1988) (citations omitted) (alteration in original).

The United States Supreme Court has identified three considerations that are

typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750–51, 121 S.Ct. 1808 (internal quotations omitted). These factors, however, are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 751, 121 S.Ct. 1808.

The United States Court of Appeals for the Sixth Circuit expounded upon the *New Hampshire* factors and further described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir.2002) (internal quotation omitted).

The United States Court of Appeals for the Sixth Circuit has considered a case strikingly similar to the instant case in *Bohanan v. Bridgestone/Firestone North American Tire, LLC*, 260 Fed.Appx. 905 (6th Cir.2008). In *Bohanan*, the plaintiffs filed a bankruptcy petition approximately two years before commencing a discrimination lawsuit. *Bohanan v. Bridgestone/Firestone North American Tire, LLC*, No. 3:06cv122, 2007 WL 1091209, at*6 (M.D.Tenn. Apr. 10, 2007). The plaintiffs did not amend their bankruptcy schedules at any time before the defendant filed a Motion to Dismiss, including when the plaintiffs filed a motion to amend their Chapter 13 Plan in the bankruptcy court. *Id.* at **6–7. The Sixth Circuit affirmed the District Court's conclusion that the plaintiffs' case must be dismissed because the plaintiffs had taken contrary positions under oath and because the record contained no affirmative evidence of good faith, inadvertence, or mistake. *Bohanan*, 260 Fed.Appx. at 906.

As in *Bohanan*, Clarke failed to amend her bankruptcy schedules at any time prior to UPS's filing of its Motion to Dismiss. Clarke had ample opportunity to do so following her filing of a Charge of Discrimination, in her Motion to Make Direct Payments and Modify Plan Payment Schedule, following her filing of the Complaint. Thus, Clarke is now asserting a position in this lawsuit that is contrary to the position she took under oath in a prior proceeding, and the United States Bankruptcy Court for the Western District of Tennessee has already adopted her contrary position in its consideration of her case. Accordingly, the *Browning* factors mandate that judicial estoppel bar Clarke from pursuing the instant lawsuit.

Nevertheless, Plaintiff argues that her failure to disclose the present cause of action to the United States Bankruptcy Court for the Western District of Tennessee should be deemed "inadvertent" and prevent the application of judicial estoppel. In *Browning*, the Court held that a failure to amend may be deemed inadvertent where (1) "the debtor lacks knowledge of the factual basis of the undisclosed claims," or (2) "the debtor has no motive for concealment." *Browning*, 283 F.3d at 776. In the instant case, neither factor is present. It is unquestionable that Clarke was aware of the factual basis of her discrimination claims since, at the very least,

October 30, 2007 when she filed her Charge of Discrimination. Likewise, Clarke was aware of the factual basis for her discrimination claims when she filed a motion with the United States Bankruptcy Court for the Western District of Tennessee on May 9, 2008 seeking to modify her payments on the basis of her termination of employment with UPS. Finally, Clarke was aware of the factual basis of her discrimination claims on February 2, 2009 when she filed a Complaint in this Court. At none of these instances did Clarke amend her Schedule of Personal Property, including when she appeared before the United States Bankruptcy Court for the Western District of Tennessee to seek other relief related to her termination of employment with UPS.

Additionally, as to whether Clarke had a motive for concealment, the United States Court of Appeals for the Sixth Circuit has held that "it is always in a Chapter 13 petitioner's interest to minimize income and assets." *See Crystal A. Lewis v. Weyerhauser Co.*, No. 04–5674, 2005 WL 157971, at *5 (6th Cir., July 6, 2005). The Court finds that Clarke's failure to amend her Schedule of Personal Property cannot be deemed inadvertent and therefore, Defendant UPS is entitled to judgment as a matter of law on the basis of judicial estoppel on the grounds that Plaintiff was required to—and failed—to amend her bankruptcy court filings after the filing of this lawsuit.

### III.   Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

**IT IS SO ORDERED.**

Aug. 17, 2009.